JOHN BLOOR *vs.* EDWARD MYERSCAUGH.

December 4, 1890.

**Foreign Will—Allowance—Issue of Letters Testamentary.—**Where a will devising real property in this state, and admitted to probate in a foreign country, is allowed in the probate court of the proper county here, upon the production of an authenticated copy in pursuance of Laws 1889, *c.* 46, § 33, it becomes the duty of the court to issue letters testamentary to a resident executor named in the will, if duly qualified, though such letters were not issued to him by the court where the will was originally proved.

Appeal by Bloor, a resident of McLeod county, in this state, from an order of the district court for Renville county, *Webber,* J., presiding, affirming an order of the probate court, denying his petition that the will of Mary Thompson, of Southport, England, which had been duly proved in that country, be admitted to probate in Renville county, where real estate of the testatrix was situated, and that letters testamentary issue to him as one of the executors named in the will. The petition was opposed by Edward Myerscaugh, the other executor named in the will, to whom letters testamentary had been issued in England.

*J. V. V. Lewis,* for appellant.

*S. R. Miller,* for respondent.

VANDERBURGH, J. The testator's will was admitted to probate in England, the place of her domicil, on the 8th day of April, 1889. Edward Myerscaugh and John Bloor were named as executors of the will. Upon the probate of the will, letters testamentary were issued by the foreign court to Myerscaugh only, the court reserving the

power of making a like grant to Bloor. The testatrix died seised of lands in Renville county in this state. In January, 1890, John Bloor, above mentioned, who is a resident of McLeod county, produced to the probate court of the county of Renville a certified copy of the will and the probate thereof, for allowance by that court pursuant to the statute, and duly made and filed his petition therefor, and for the issuance of letters testamentary to him as well as to Myerscaugh. Upon the hearing the court denied the application for the allowance and probate of the will, on the ground that the jurisdiction to issue letters to Bloor remained in the English court, and could not be exercised by the probate court of Renville county. The case comes here upon appeal from the order of the district court, affirming the decision of the probate court.

Provision is made by statute for the allowance and record of foreign wills in the probate court of any county in this state in which the testator had real estate at his decease. The statutory procedure in such cases dispenses with the necessity of the production and proof of the original will, and substitutes therefor the authentication of the same and of the probate thereof in the court of the foreign state. Laws 1889, c. 46, § 33. Upon the hearing, after due notice, "if it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction, * * * the copy and the probate thereof shall be filed and recorded, and the will shall have the same force and effect as if originally produced and allowed in said court." And it thereupon becomes the duty of the court (section 34) to grant letters testamentary, which shall extend to all the estate of the testator in this state. Its authority and duty to issue such letters follow from the terms of the will and the allowance thereof here, and are not affected by, and are in no wise dependent upon, the action of the foreign court in granting or refusing letters to the executors appointed by the testator in his will, who may or may not be able to qualify in that jurisdiction. Upon the record before us it would seem to be very clear that it was the duty of the probate court to allow the will and to grant the petitioner's application for letters.

Order reversed, and case remanded for further proceedings.