DELAVAN S. HARDIN and Others, Executors, v. ALEXANDER P. JAMI-SON and Others.[1]

January 18, 1895.

Nos. 9236, 9237.

**Appointment of Executor under Foreign Will—Probate Code Construed.**

Sections 32–34, 50, of the Probate Code (G. S. 1894, §§ 4439–4441, 4457), construed, and *held*, that said section 50 (G. S. 1894, § 4457) applies only to domestic wills, and not to the case of a foreign executor named in a foreign will, and appointed as such by the court of the domicile, when such foreign executor is seeking appointment by the court of this state on allowance of the exemplification of the will by it, and there are resident legatees opposing his appointment; but the court may refuse to appoint him, though he is legally competent, as provided by that section.

**Same.**

*Held*, under section 34 of the Probate Code (G. S. 1894, § 4441), such foreign executor is entitled to appointment in this state in such a case, unless the court, in the exercise of a sound discretion, finds that there is some good reason why he should not be appointed, and that adverse interest and acts of bad faith on the part of such foreign executor in regard to the estate may constitute such good reason.

Appeals by A. P. Jamison and others from a judgment of the district court for Waseca county, affirming an order of the probate court for that county directing letters testamentary to issue to the executors named in the will of Chancey Hardin, and from an order, Buckam, J., denying a motion for a new trial. Reversed.

*Sawyer & Sawyer*, for appellants.

*Davis, Kellogg & Severance* and *John Moonan*, for respondent.

CANTY, J. The will of the testator, Chancey Hardin, was duly proved at the place of his domicile in Illinois, and letters testamentary issued to the three executors named in the will. Thereupon a copy of such foreign will and such probate thereof, duly authenticated, was filed by such foreign executors in the probate court of Waseca county, in this state, with a petition that letters testamenta-

[1] Reported in 61 N. W. 1018.

ry be issued to them by that court. The will was thereupon duly allowed by said probate court under and pursuant to sections 32 and 33 of the Probate Code. (Laws 1889, c. 46; G. S. 1894, §§ 4439, 4440). The appellants are legatees under the will, residing in this state. They appeared and opposed the issuing of letters to the foreign executors on the grounds hereinafter stated, but the probate court ordered such letters to issue. An appeal was taken by these appellants to the district court, where the executors again prevailed, and this appeal is taken.

The appellants alleged, in opposition to the appointment of such executors, that they were not residents of this state, which is admitted. They also alleged, among other things, that the testator died seised of a large amount of real and personal property, situated in said Waseca county and in other counties in this state, all of which was his sole individual property; that shortly after his death, said executors took possession of said property under the claim that it was the property of a partnership composed of the testator and themselves, and of which they were the surviving partners; that after the death of said testator, and prior to these proceedings, a special administrator of his estate was appointed by said probate court; that he demanded the possession of said property from said foreign executors, who refused to deliver it to him, but made and published a notice that in 10 days thereafter they would sell, as such surviving partners, at public sale, for cash, at a certain time and place, a part of said property, to wit, nine several tracts of land situated in three different counties; that thereupon said special administrator sued out a writ of injunction, and enjoined said sale, which injunction is still in force. On the trial the appellants offered to prove all of these allegations, and also offered to prove that there was no such firm or partnership as that claimed by said executors, or any partnership of any kind, in which said estate is interested. All of these offers were objected to on the ground that they were incompetent and immaterial, and "that no evidence is competent to sustain any objection to the appointment of these executors, except evidence showing that they are not legally competent." Appellants assign as error the sustaining of these objections. There were further allegations imputing bad faith to the executors in assuming to act as such surviving partners, and in attempting

to dispose of the assets of the estate, and showing that the sacrifice of the assets so alleged to have been attempted would reduce the amounts of the legacies of these appellants.

Section 50 of said Probate Code (G. S. 1894, § 4457) provides that "when a will is duly proved and allowed, the probate court shall issue letters testamentary therein to the executor named therein, if he is legally competent, and accepts the trust and gives bond as required by law." It is claimed by respondents that the facts offered to be proved would not show the executors named in the will to be legally incompetent; citing Schouler, Ex'rs, § 33, and other authorities. This is conceded by appellants, but they claim that said section 50 does not apply to such foreign executors, and that it is in the discretion of the court to refuse to appoint such foreign executors on account of such adverse interest and acts of bad faith, though these objections fall short of constituting legal incompetency. It is true that our statute makes the foreign probate conclusive as to the allowance of the will in this state, but it does not follow that the foreign appointment of executors is conclusive where there are resident creditors or legatees, or that in such a case the court in this state is bound to appoint the executors named in the will. As we construe the Probate Code, the statutory comity does not go that far. Said section 33 (G. S. 1894, § 4440) provides that "when a copy of a will and the probate thereof duly authenticated is produced by the executor or other person interested in such will, to the probate court," by certain proceedings, it may be allowed here. Section 34 (G. S. 1894, § 4441) provides that "when any will is allowed as mentioned in the preceding section the probate court shall grant letters testamentary, or *letters of administration* with the will annexed, and such letters testamentary or of *administration* shall extend to all the estate of the testator in this state." It is this section, and not section 50 (G. S. 1894, § 4457), above quoted, which applies in this case. While section 50 purports to give the probate court no alternative but to appoint the executor named in the will if he be "legally competent" and accepts, section 34 (G. S. 1894, § 4441) is not so worded. In view of the history of these sections of the statute, and of the conflicting interests which so often arise, especially between the local creditors on the one hand and the other creditors, foreign executors, or legatees on

the other hand, it should not be held that sections 34 and 50 (G. S. 1894, §§ 4441, 4457) both apply to this case, and must be read together in disposing of it. On the contrary, we are of the opinion that section 50 applies only to domestic wills. Said section 50 is the same as G. S. 1878, c. 50, § 1, and said section 34 is a re-enactment of G. S. 1878, c. 47, § 21, with the amendment added thereto by Laws 1870, c. 64, omitted. This amendment reads as follows: "Letters testamentary, or letters of administration with the will annexed, may issue to a foreign executor or administrator with the will annexed, though not a resident of this state, upon filing a duly authenticated copy of his appointment, and of the bond given by him in the state or county in which it was originally proven; provided that the judge of probate before issuing such letters, may, in his discretion require him to give bonds as in other cases." If the legislature intended that the foreign executor should have such a conclusive right to appointment in this state, it would hardly have repealed this amendment, while retaining the rest of the section, and said section 50 (G. S. 1894, § 4457), just as they were before the enactment of the Probate Code. But still the foreign executor is entitled to appointment, unless the court, in the exercise of a sound discretion, should find that there is some good reason why he should not be appointed. The objection urged in this case might have constituted such a reason. The court should have received the evidence, and its refusal to do so was error, for which the order denying the motion for a new trial must be reversed. Because the evidence was competent, and should have been received, it does not necessarily follow that it will have sufficient weight or force to defeat the appointment of the executors. That is a matter to be determined when the evidence is all before the court.

The order and judgment appealed from are reversed, and a new trial is granted.