FRANKLIN A. HEARD ET AL. v. TRAVIS C. DRENNEN.

[46 South. 243.]

1. WILLS. *Foreign. Code* 1906, § 2004. *Probation of authenticated copy. What law governs. Lands.*

Under Code 1906, § 2004, authorizing the probation of an authenticated copy of a foreign will subject to contest as an original domestic will would be, rights to lands in this state claimed under a probated copy of a foreign will must be predicated of its terms, construed according to the laws of this state.

2. SAME. *Appointment of executors. Code* 1906, § 2006. *Laws of this state govern.*

Code 1906, § 1006, providing that the person named in a will as the executor thereof, if he be not legally disqualified, shall be appointed executor, relates to the qualification of executors under the laws of this state, and, upon the probation of an authenticated copy of a foreign will the person named as executor therein, being qualified under the laws of this state, is entitled to be appointed, although disqualified under the laws of the state or country where the original will was made and probated.

FROM the chancery court of Washington county.

HON. PERCY BELL, Chancellor.

Drennen, appellee, and Heard and another, appellants, on appellee's petition, were appointed by the court below co-executors in this state of the last will and testament of one W. L. Tillman, deceased, who died in the state of Georgia and whose will, the original, was there probated, a duly authenticated copy having been probated in the court below. Heard and another, appellants, executors of the will in Georgia, appealed from the decree seeking to reverse it in so far as it appointed Drennen, appellee, as one of the executors in this state. The facts of the case are stated in the opinion of the court.

*Shields & Boddie,* for appellant.

Should Drennen be allowed to qualify as an executor in Mississippi? We say, No, for several reasons:

1. Because he failed and renounced his right to qualify under the will in Muscogee county, Georgia.

2. Not having qualified in Muscogee county, Georgia, the courts of Mississippi have no jurisdiction to allow him to qualify here.

3. Because he is seeking in Mississippi to qualify under a judgment of the court of ordinary of Muscogee county, Georgia, which shows that he has not complied with the laws of Georgia and is therefore not qualified to act as executor.

4. ·Because all the circumstances and facts in this case show that Drennan is not a fit and proper person to qualify as executor.

The court of ordinary of Muscogee county, Georgia, had original, exclusive and general jurisdiction over the probate of the will of said Tillman. Georgia Code, §§ 4232 and 3279; 100 Ga. Rep. 341; 1 Jarman on Wills, 216.

The domicil of the testator at the time of his death gives jurisdiction to the court of ordinary. Georgia Code, § 3279; 23 Am. & Eng. Ency. of Law, 114, 115, and notes, page 132 and notes; Williams on Executors, 335, 338; *Herrington v. Herrington,* Walker (Miss.) 322; *Scott v. Calvit,* 3 How. (Miss.) 158; *Tucker v. Whitehead,* 58 Miss. 762; 6 L. R. A. (new series) 617.

Who proper party to offer will for probate: Georgia Code, § 3292; Williams on Executors, 355; 23 Am. & Eng. Ency. of Law, 122.

. When probate of will must be offered: Georgia Code, § 3294.

Qualified executor entitled to execute all the trusts under the will: Georgia Code, § 3317.

Who may be executors: Georgia Code, § 3308, 3293, 3366; 3 Ga. 458; 5 Ency. Digest, Georgia Reports, 658.

When foreign executor may qualify: Georgia Code, §§ 3293, 3308, 3366.

It will be seen from the above that Drennen is disqualified in Georgia, and cannot qualify in that state, this being true can he qualify under the sections of the Mississippi Code? Code 1906, §§ 2004, 2006.

It appears of record that Drennen is now a resident of Arkansas. If he ever has been a resident of Georgia he does not now claim to be one. He is therefore "legally disqualified" to act as executor in Georgia. He is "legally disqualified" because he has never legally qualified under the laws of Georgia. He is also "legally disqualified" because he has renounced his right to qualify under the laws of Georgia. He is also "legally disqualified" because he has not the interest in the estate that the laws of Georgia require, neither is he a creditor thereof in Georgia or Mississippi.

It will be noted that Code 1906, § 2006, refers to wills whether made in this state or out of it. Hence the test is, if made in the state, is whether Drennen is disqualified in Mississippi? If made out of the state the test is this, is Drennen disqualified in Georgia where the will was made and first admitted to probate? He most assuredly is legally disqualified under the laws of Georgia.

Will the courts of Mississippi refuse to recognize a legal disqualification under the laws of Georgia? Constitution of United States, Art. IV, sec. 1; *Thomas v. Morrisett,* 76 Ga. 384; Re Higgins, 28 L. R. A. 120 and notes. *Galbraith v. Tracy,* 28 L. R. A. 130 and notes; *State v. Dist. Court,* 6 L. R. A. (N. S.) 617.

*Percy & Moody,* for appellee.

Code 1906, § 2004, merely permits our courts to receive the authenticated copy as evidence of the due execution of the will, because the question has already been decided by a court having jurisdiction over the subject matter, and this judgment was based upon the law of its own country in determining the validity of the will. In such cases our courts make but one inquiry, and that is as to the jurisdiction of the foreign tribunal which pronounced the judgment, which, if valid according to the foreign law, will be equally so in this state, unless it shall be shown that the foreign law so far conflicts with our policy as to

relieve our courts from giving to it any operation within the limits of this state.

The question before the court is not as to the execution of the will, a construction of its provisions, or a disposition of the estate devised, but simply the right of administration. The sole question is, will this court permit an executor, named by the testator, to administer the trust as to property in this state, when the laws of this state do not forbid his doing so, simply because the laws of another state will not permit such an executor to administer the trust as to property in that state. The words "legally disqualified" used in Code 1906, § 2006, have reference to legal disqualifications prescribed by the laws of this state, and not to "legal disqualifications" prescribed by the laws of other states. The right of Drennen to act as an executor is not based on the order of the court of ordinary of Muscogee county, Georgia, in admitting the will to probate, but on the terms of the will and the order of the chancery court of Washington county, Miss., in admitting the will to probate. The law simply permitted the chancery court to receive the authenticated copy as evidence of the due execution of the will. Under Code 1906, §§ 2004, 2006, the original will could have been probated in this state, and Drennen would have been entitled to letters testamentary theron, even though the will had never been probated in Muscogee county, Georgia. Suppose that under the laws of Georgia a non-resident could act as an executor, but under the laws of Mississippi, he could not; yet, if the contention of opposing counsel is correct the courts of this state would have to appoint one as an executor, though the laws of this state provided that he should be legally disqualified to act as such.

The authority and duty of the chancery court to issue letters testamentary follow from the terms of the will, and the probate thereof in this state, and are not affected by, and are in no wise dependent upon, the action of a foreign court in granting or refusing letters to the executors appointed by the testator in his will, who may, or may not, be able to qualify in the foreign

jurisdiction. The case of *Bloor v. Myerscaugh,* (Minn.) 47 N. W. 311, is directly in point.

It is true that Drennen did not qualify as an executor in Georgia, but it is prefectly evident that the reason why he did not qualify in that state was because he was a non-resident thereof, and, under the laws of Georgia, could not do so.

"At common law, where there are several executors and one renounces and the other or others prove the will, the renunciation is not binding on him so long as one or more of his co-executors continue in office, but he who renounces may at any time afterwards come in and administer; and, if he survives, the acting executor, or if the acting executor is removed, he may retract his renunciation and take the executorship at any time before letters of administration with the will annexed are granted." 11 Am. & Eng. Ency. of Law, (2d ed.) 757.

It is contended that because Drennen has not qualified in Muscogee county, Georgia, the courts of Mississippi have no jurisdiction to allow him to qualify here, and it is said furthermore, that because Drennen is seeking in Mississippi to qualify under a judgment of the court of ordinary of Muscogee county, Georgia, and the judgment shows that he has not complied with the laws of Georgia, he is therefore not qualified to act as executor. It is a sufficient answer to these grounds of objection to say that Drennen does not claim the right to act as an executor by virtue of the judgment of the court of ordinary of Muscogee county, Georgia, nor is the jurisdiction of the chancery court of this county in any wise dependent upon the orders of that court.

MAYES, J., delivered the opinion of the court.

W. L. Tillman was a resident of Muscogee county, Ga., at which place he resided and was domiciled at the time of his death. Tillman made a last will and testament naming R. E. Clements, Frank A. Heard, and Travis C. Drennen as his executors. This will was duly probated in the proper court of Muscogee county, Georgia, agreeable to all the requirements of the

law in that state, and two of the executors, R. E. Clements and Frank A. Heard, duly qualified as executors of this last will and testament; but the record shows that Travis C. Drennen, the third executor, failed to qualify as executor in Georgia, and has not yet qualified. Tillman left property in Georgia, Alabama and Mississippi; his property in this state consisting of real estate. After the will was probated in Georgia, two of the executors, Clements and Heard, proceeded to execute the will in Georgia. Some time in 1907, Travis C. Drennen having procured a certified copy of the will, together with the probate of same in Muscogee county, Georgia, filed it in the chancery court of Washington county, Mississippi, asking that it be admitted to probate there, and that letters testamentary be issued to him. The will was duly admitted to probate by the chancery court of Washington county, and Travis C. Drennen, R. E. Clements, and Frank A. Heard made executors thereof.

Clements and Heard filed a protest in the chancery court of Washington county against the action of the clerk, allowing Drennen to be appointed as one of the executors. The protest filed in effect charges that Drennen is not a fit and proper person to qualify as an executor, but this contention may be disposed of by the simple statement that no proof is made of any such facts in the record as would sustain it. It is further contended that Drennen ought not to be allowed to qualify as an executor in this state because he is disqualified to act in the state of Georgia, the place where the will was made and probated; and it is further alleged that he should not be allowed to act here because he has renounced his right to act as executor under the will in Muscogee county, Ga. We may say as to this last contention, also, there is no proof in the record, even if it would be conclusive in this state, that Drennen had renounced his right to act as an executor under the will.

The main contention in this case is that, because Drennen was not qualified to act in the state of Georgia as one of the ex-

ecutors under this will, he is therefore disqualified by reason of that fact to act as one of the executors of the will in this state.

By Code 1906, § 2004, it is provided that: "Authenticated copies of wills, proved according to the laws of any of the states of the Union, or of the territories, or of any foreign country, and affecting or disposing of property within this state, may be admitted to probate in the proper court; but such will may be contested as the original might have been if it had been executed in this state, or the original will may be proved and admitted to record here."

The only effect of this section is to dispense with the necessity of original proof of foreign wills when presented for probate in this state, where the will has been duly proved according to any of the laws of any of the states or territories of the Union, or of the foreign country, where admitted to probate but, while this is true, the statute does not give any conclusive effect to the foreign probate of a will, and is very careful to protect the right to contest it when presented here, as the original might have been if it had been executed in this state. In other words, the only effect of Code 1906, § 2004, is to dispense with formal proof of the due execution of the will where it has been proved according to the laws of any other state, etc., where an authenticated copy is produced showing that it has been proved in the state where it was made according to the laws of that state, etc. In so far as the will itself is concerned, it is treated in all respects as an original will, and all the rights to be derived through the will must be derived from its terms administered according to the law of this state, so far as it affects property situated here.

Code 1906, § 2006, provides that: "The executor named in any last will and testament, whether made in this state or out of it, and admitted to probate here on an authenticated copy or on the original, shall be entitled to letters testamentary thereon if not legally disqualified; but a person shall not be capable of

being executor who, at the time when letters testamentary ought to be granted, is under the age of eighteen years, of unsound mind, or convicted of a felony."

By this section it is provided that the executor named in a last will and testament, whether made in this state or out of it, when the will is admitted to probate here on an authenticated copy, etc., shall be entitled to letters testamentary thereon if not legally disqualified. In other words, the certified copy of the will being treated in this state after its probate in all respects as an original will, and being given the same effect as if made in this state, and no other, it is the duty of the court, under this section, to appoint the executor named in the will, if not legally disqualified under the laws of this state, without reference to whether he may or may not be qualified to act in the state or county where the will was made. A person qualified to act as an executor in this state, under the laws of which alone this is to be determined, is qualified to act as an executor under a will probated here, even though he may not have been qualified to act in another state. The legal disqualification meant in the code is a legal disqualification under the laws of this state, and has no relation to what may be the essentials of qualification under the laws of another state. Should we hold contrary to this, it might result in the courts of this state being compelled to qualify an executor appointed by another state under the age of eighteen years, or an executor of unsound mind, or an executor who had been convicted of a felony—all of which is positively forbidden by our statute. As to the property within its borders, the jurisdiction of a state is absolute. A will disposing of property within the borders of this state owned by a testator living in another state or foreign country will be recognized and enforced, but the machinery by which this is done must be of the creation of the state wherein is situated the property, and cannot be prescribed or limited by any other than its own authority. By comity our state provides the manner in which foreign wills may be proved here; by comity it

allows the executor named in the will to act here. By virtue of this statute the right of a person to act as executor is determined by two things: First, is he qualified under the law of this state to act as executor in any event; and, second, is he named as such in the will? If these two qualifications are established, he can act as executor here, no matter what action the courts of another state have taken with reference to his right to qualify as executor in their jurisdictions. Of course, there may be reasons why a court might refuse to qualify a person as executor, which do not appear in the statute, but we speak of the qualification fixed by the statute as applied to this case.

The case of *Bloor v. Myerscaugh,* 45 Minn. 29, 47 N. W. 311, is directly in point. It was held in that case that: "The action of a foreign court in granting or refusing letters to executors appointed by the testator in a will, who may or may not be able to qualify in that jurisdiction, in no way affects the power of the court to appoint the executor who could not qualify in the foreign jurisdiction when the will is sought to be probated in another state where the testator owned real property at the date of his death."

*Affirmed.*