## PURCELL v. CRAMTON.
### No. 8652.

United States Court of Appeals
District of Columbia.

Argued May 1, 1944.

Decided May 22, 1944.

Mr. Jerome F. Barnard, of Washington, D. C., for appellant.

Mr. Louis C. Cramton, of Lapeer, Mich., with whom Mr. Addison T. Smith, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The will of Mary Squier Parker named appellant sole executor. Since the testatrix was domiciled in Michigan, the will was first offered for probate there. Appellant is domiciled in the District of Columbia, and Michigan law forbids the appointment of a non-resident executor. Accordingly the Michigan court appointed appellee, a resident of Michigan, as administrator c.t.a. The estate and the beneficiaries are largely in Michigan, but the estate includes about $85,000 worth of intangible personal property in the District of Columbia. The District Court of the United States for the District of Columbia, sitting as a probate court, has refused ancillary letters to appellant and granted them to appellee. This appeal is from that order.

Ancillary letters are usually granted to the domiciliary executor or administrator.[1] We think it was within the court's discretion to follow this practice. Though some provisions of the District of Columbia Code are equally applicable to domiciliary and to ancillary administrations,[2] we think this is not true of the requirement of § 20—301 that "When any will or codicil respecting either real or personal property shall have been authenticated and admitted to probate, letters testamentary thereon shall be issued to the executor named therein, if he is legally competent and will accept the trust."[3] For two reasons, we think this requirement does not apply to ancillary letters. First, § 20—505 of the Code, which authorizes suit in the District by foreign executors or administrators, provides that the "court may grant auxiliary

[1] Mersch, Probate Court Practice in the District of Columbia (1939) 29.

[2] Duehay v. Acacia Mut. Life Ins. Co., 70 App.D.C. 245, 250, 105 F.2d 768, 124 A.L.R. 1268.

[3] Cf. Hardin's Estate v. Hardin, 60 Minn. 112, 61 N.W. 1018. Contra, Heard v. Drennen, 93 Miss. 236, 46 So. 243; Bloor v. Myerscaugh, 45 Minn. 29, 47 N. W. 311.

or ancillary letters, as the case may require, to the same or other persons." Since foreign executors are commonly the executors named in a will, this section appears to authorize the granting of ancillary letters to "other persons" than the executors named in a foreign will. Second, considerations of economy and efficiency which are not involved in the appointment of a domiciliary executor frequently make it desirable that ancillary letters be granted to a foreign administrator rather than a person named as executor in a foreign will. In the present case, for example, appellee has and appellant has not agreed to ask no compensation from the ancillary appointment.

Affirmed.