WILLIAMS ET AL. *v.* MOOREHEAD, ET AL.

[77 South. 658, Division A.]

1. WILLS. *Contest. Instructions. Burden of proof.*

Where a will which had been duly filed for probate and was admitted to probate by the chancery clerk in vacation was being contested on the ground that the testator had made a subsequent will revoking the first, an instruction for the contestants, "that if the whole evidence in the case leaves it doubtful whether the will probated and now being contested was the true last will of deceased, the jury should find against its validity; for it is incumbent upon the proponents of the said will by a preponderance of the evidence to reasonably satisfy the minds of the jury that the instrument was in truth the last will of deceased;" was erroneous because the burden of proof was not upon the proponents to disprove the validity of the subsequent will, but it was upon the contestants to show affirmatively that the alleged subsequent will sought to be proven orally by contestants, was legally and validly executed in all respects as required by law; and unless this burden was met by contestants, the former valid, probated will was not revoked, but should prevail as the last will and testament of deceased.

2. WILLS. *Execution. How proved. Code 1906, section 1991.*

Under Code 1906, section 1991 (Hemmingways Code, section 1656), providing that the due execution of a will must be proved by at least one of the subscribing witnesses when present in person, where such attesting witness cannot be procured, or refuses to testify or denies the execution of the will, such execution may be established by other proof.

APPEAL from the chancery court of Newton county.

HON. G. C. TANN, Chancellor.

Bill by Leona Moorehead and others against John Williams and others. From a verdict for complainant, defendants appeal.

The facts are fully stated in the opinion of the court.

*Byrd & Byrd,* for appellants.

*Wilson & Johnson* and *J. B. Hillman,* for appellees.

HOLDEN, J., delivered the opinion of the court.

This cause was commenced in the chancery court of Newton county, and is a controversy over, and contest of, the validity of the probated will of John D. Williams, deceased. John D. Williams executed a will of date November 27, 1914, bequeathing all his property to the appellants, who were his younger children. The testator died January 16, 1916, and his said will was duly filed for probate, and was admitted to probate by the chancery clerk in vacation. Following the probate of this will in common form, the appellees, who were the older children of the deceased, and who did not take under this will of the testator, filed a bill, contesting the validity of the said probated will, alleging and claiming that the said will was expressly revoked by a subsequent will of the deceased made in December, 1915, in which the appellees were made legatees along with the other children of the deceased. The issue of *devisavit vel non* was made up between the proponents and the contestants, and testimony was submitted by proponents establishing the validity of the probated will; and oral testimony was submitted by the contestants tending to establish the subsequent will, which contained an express revocation of the former testament. The oral testimony of contestants went to show that the subsequent will was seen by several witnesses before the death of the testator, but that after his death the will could not be found, and secondary proof of its contents by oral testimony was allowed by the court. There appearing to be a conflict in the evidence, the issue was submitted to the jury, who found a verdict in favor of the contestants. From this finding of the lower court the proponents appeal here.

The appellants assign several errors of the trial court, one of which, at least, we think is well grounded; and as several of the other questions presented may never arise again, we shall discuss only two of the assignments, which will reverse the decree of the lower court and grant a new trial of the case.

First. It is contended that it was error to grant the following instruction, No. 3, to the contestants in the lower court:

"The court charges the jury at the request of contestants, that if the whole evidence in the case leaves it doubtful whether the will probated and now being contested was the true last will of John D. Williams, the jury should find against its validity; for it is incumbent upon the proponents of the said will by a preponderance of the evidence to reasonably satisfy the minds of the jury that the instrument was in truth the last will of deceased. (Given.)"

This instruction, in effect, not only imposes the burden of proof on the proponents to legally establish the will probated by proponents, but goes further and requires the proponents to affirmatively show, by a prepondance of the evidence to the satisfaction of the minds of the jury, that the alleged subsequent revoking will set up by oral testimony by contestants, was not regularly and legally executed by the deceased. It also instructs the jury "that if the whole evidence in the case leaves it doubtful" as to whether the probated will was the true last will of deceased, they should find for contestants. This instruction was erroneous because the burden of proof was not upon the proponents to disprove the validity of the subsequent will, but it was upon the contestants to show affirmatively that the alleged subsequent will sought to be proven orally by contestants was legally and validly executed in all respects as required by law; and unless this burden was met by contestants, the

former valid, probated will was not revoked, but should prevail as the last will and testament of deceased.

We may make it clearer by directing attention to the fact that the will, probated first in common form and then in solemn form by the proponents, was regular in all respects and was legally and validly established, as required by our statutes; and the jury were so instructed by the lower court in the following instruction:

"The court instructs the jury that the will of John D. Williams, deceased, now being contested, is a good and valid will. (Given.)"

Therefore, it seems clear to us that after the will was duly and legally established in solemn form by the proponents, and the court having recognized its validity after hearing all of the evidence submitted by proponents to establish it, the burden then rested upon the contestants to overcome this perfect will, legally probated and established, by showing affirmatively by a preponderance of the evidence that it was revoked by a subsequent will legally executed and attested in the same manner required of the former will. 1 Jarman on Wills (3d Am. Ed.), p. 186, note; 40 Cyc. 1177; 30 Am. & Eng. Enc. Law (2d Ed.), 625; *Wilburn* v. *Shell,* 59 Miss. 205, 42 Am. Rep. 363; *Hairston* v. *Hairston,* 30 Miss. 277; *Sewall* v. *Robbins,* 139 Mass. 164, 29 N. E. 650; sections 5078, 5079, Code of 1906; sections 3366, 3367, Hemingway's Code.

The serious error in this instruction No. 3 becomes more apparent when we consider the oral proof in this record offered by contestants to establish the due execution and legal validity of the lost subsequent will. This testimony is far from being clear and satisfactory with reference to whether or not the will offered to be proved by the contestants was a legally and validly executed and attested will, under the requirements of our statutes. It appears that this will was lost, whether before or after the death of the deceased the record does

not disclose. And whether or not the testator is legally premsumed to have destroyed the will before his death, since it was not seen after his death, is a question of law that we point out, but do not pass upon now, as it was not raised by the litigating parties. The testimony of the different witnesses for the contestants was rather loose, uncertain, inconclusive, and contradictory as to what the lost will contained and provided. The date of its execution was not shown to have appeared in the instrument. The witnesses for contestants testified that they saw this subsequent will about one week before the death of the testator, and that it was signed by the testator and attested by two witnesses whose names are Jeff Scott and Pleas Williams. No witness testified that they saw Jeff Scott or Pleas Williams sign the will as witnesses, nor did any witness testify specifically that the will contained the signatures of Jeff Scott and Pleas Williams, but the nearest that any testimony comes to establishing the signatures of these two attesting witnesses was the testimony of two witnesses, one of whom when asked, "Who signed that will as witnesses?" answered, "Jeff Scott and Pleas Williams." The other witness said:

"Q. You say Mr. Pleas Williams' name and Jeff Scott's name was on that will as witnesses? A. Yes, sir. Q. Who signed that will as witnesses? A. Mr. Pleas Williams and Mr. Scott."

Nowhere in the record do we find that any witness testified specifically that the names of the attesting witnesses and the testator appearing on the will were the signatures of Pleas Williams and Jeff Scott and the testator, nor does any witness say that he knew of his own knowledge that these two men, Williams and Scott, signed this will as attesting witnesses. Jeff Scott and Pleas Williams were the attesting witnesses on the former will probated by the proponents, and they testified to the execution of that will offered by the proponents;

but they denied emphatically that they saw the deceased
sign the subsequent will here in question, and testified
that they did not sign any such will as witnesses thereto,
and had no knowledge whatever of the existence of any
such subsequent will executed by the deceased.

Second.　Appellants contend that the due execution
of a will can be proven only by the testimony of the
attesting witnesses, or one of them, if present in person.
That is not the law. The provision of section 1991, Code
of 1906, section 1656, Hemingway's Code, that "the due
execution of the will must be proved by at least one of
the subscribing witnesses" when present in person does
not mean that the will cannot be proved by other means
and testimony, where the subscribing witnesses refuse,
for any reason, to testify to the execution of the will, as
in such event it follows, in effect, that none of the sub-
scribing witnesses can be produced "to prove the execu-
tion of the will," as provided in said section. If the
statute were construed otherwise, cases might arise
where the solemn will and intent of the testator with
reference to the disposition of his property would be
defeated by the hostile attitude of the subscribing wit-
nesses who in fact attested the will which was signed by
the testator, and thus destroy the very purpose of the
law with reference to proof of the execution of wills.

We understand the law to be that ordinarily a will
should be proved and established by at least one of the
subscribing witnesses.　However, we hold that while this
is the rule, yet should the attesting witness be dead or
beyond reach of the court and this testimony cannot be
secured, or if they be present in court and become hostile
to the proponents of the will and either refuse or fail to
testify to the execution of it, or deny the execution of the
will and deny the attestation, still the proponents of the
will may offer other proof to establish its valid execution
by showing by competent testimony that the testator
signed it, or that it contains his signature, and that the

signatures of at least two of the witnesses are the genuine signatures of the persons purporting to be witnesses thereto, and by such proof the will may be legally probated and conclusively established by the court. 2 Wigmore on Evidence, section 1302; 1 Alexander on Wills, section 508; 40 Cyc. 1303.

The testimony in this case offered by the contestants, liberally interpreted, tends to show that the two names appearing upon the will as attesting witnesses were the signatures of Jeff Scott and Pleas Williams, and that the will contained the signature of the testator. This testimony can be reasonably construed to mean that the witnesses recognized the signatures of the testator and the two attesting witnesses as their signatures on the subsequent will in question; and the two attesting witnesses, Pleas Williams and Jeff Scott, having denied under oath that they signed the will as witnesses, presents a sharp conflict in the testimony on the issue involved, which must be submitted to a jury, under proper instructions, for their determination. This being true, it was highly important that the instructions of the court to the jury should have announced the law correctly as to the burden of proof; and the instruction granted to the contestants by the court, telling the jury that the burden of proof was upon the proponents, in view of the testimony in this case, was erroneous and particularly harmful to the case of proponents in the lower court, and may have brought about a wrong result in the decision of the questions of fact.

The decree of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*