## Mims *v.* Johnson.

[92 South. 577.    No. 22698.]

WILLS. *In suit to probate a will, and to cancel the probate of prior will, the burden of proof was on complainant.*

In a suit in chancery to establish and probate a will, and cancel the probation in common form of a prior will, where the evidence is conflicting as to capacity of the testator to make a will at the time of the execution of the last instrument, it was error to instruct the jury, for the complainant, that the burden of proof is on the defendant. *Sheehan* ?. *Kearney,* 82 Miss. 688, 21 So. 41, 35 L. R. A. 102, cited.

APPEAL from chancery court of Copiah county.

HON. V. J. STRICKER, Chancellor.

Suit by Cornelia Johnson against William Mims, Decree for complainant, and defendant appeals. Reversed and remanded.

*Myron S. McNeil,* for appellant.

It will be seen from the foregoing statement of fact that there was very little evidence introduced on the part of the complainant which tended to establish the sanity of Mahalia Keith at the time of her death.

Section 1664 of the Hemingway Code provides as follows: "Probate of Will *Prima Facie* Evidence—On the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be *prima facie* evidence of the validity of the will."

In view of the statute and the negative character of the evidence offered by the complainant it occurs to us that the proper course for the chancellor to have pursued would have been to have dismissed the complainant's bill at the conclusion of the complainant's testimony, for the best that can be said of the testimony of the subscribing witnesses

to the will was to the effect that they did not know whether Mahalia Keith was sane or insane at the time of the execution of the will. In other words, the opportunity for observation under the testimony of these witnesses did not entitle them to an opinion upon the question. Under this state of the case the chancellor gave the following instructions to the complainant.

"The court instructs the jury for the complainant, Cornelia Johnson, that unless you believe from the preponderance of the evidence in this case that Mahalia Keith was insane at the time she executed the alleged will to Cornelia Johnson and that she did not understand that she was making a will, thereby giving all of her property to Cornelia Johnson, to the exclusion of the other heirs, you must find for Cornelia Johnson, saying by your verdict that the instrument executed in her favor is the only true and valid will of the said Mahalia Keith."

"The court instructs the jury for the complainant, Cornelia Johnson, that even though you may believe from the evidence in this case that Mahalia Keith was old, infirm and feeble in mind and body, yet unless you believe from the preponderance of the evidence in this case that at the time she made the alleged will to Cornelia Johnson that she did not understand what disposition she was then making of her property and the nature and consequences of her act, then you must find for Cornelia Johnson."

"The court instructs the jury for the complainant, Cornelia Johnson, that even though you may believe from the evidence Mahalia Keith was at times during her life mentally incapacitated to make a will, unless you believe from a preponderance of the evidence in this case that at the very time she executed the instrument of November 19, 1913, in favor of Cornelia Johnson she did not understand that she was thereby giving all her property to Cornelia Johnson and did not understand the nature and consequences of her act, you must find for the said Cornelia Johnson."

"The court instructs the jury for Cornelia Johnson that the burden in this case is on William Mims and the inter-

pleaders to show by a preponderance of the evidence that Mahalia Keith at the time she executed the instrument in favor of Cornelia Johnson she did not know that she was thereby giving all her property to Cornelia Johnson, to the exclusion of the other heirs, and did not understand what disposition she was making of her property, and unless the jury believe that they have shown this by a preponderance of the evidence, then the jury must find for complainant, Cornelia Johnson."

"The court instructs the jury for Cornelia Johnson that the burden of proof is upon William Mims and the contestants to show by the preponderance of the evidence that Mahalia Keith was insane at the time she made the will to Cornelia Johnson, to the extent that she did not know or understand the disposition she was making of her property; and unless this is done it is your sworn duty to find for Cornelia Johnson, regardless of every other fact and circumstance in the case."

We contend that the giving of these instructions was manifest error. Under section 1664 the will devising all of the decedent's property to William Mims, which had been duly admitted to probate, was *prima facie* evidence of the validity of the will, and the burden of proof was not upon the proponents to disprove the validity of the subsequent will, but was upon the complainants or contestants to show affirmatively that the alleged subsequent will sought to be proven was legally and validly executed in all respects, as required by law, and that Mahalia Keith at the time of the execution of the will was of sufficient mind and memory and of sufficient testamentary capacity to make a will. *Williams* v. *Morehead,* 116 Miss. 654; 1 Jarman on Wills (3 Am. Ed.) p. 186, note; 30 Am. & Eng. Enc. of Law (2d Ed.), 625; 40 Cyc. 1177; *Wilburn* v. *Shell,* 59 Miss. 205, 42 A. R. 363; *Sewall* v. *Robbins,* 139 Mass. 164, 29 N. E. 650; Sections 5078, 5079, Code of 1906; Sections 3367, Hemingway's Code.

The will executed by Mahalia Keith, deceased, to her son, William Mims, was a good and valid will and was

legally established according to the proper forms, and we insist that under this decision the burden certainly rested upon the contestants to overcome this proven will, legally probated and established by showing affirmatively by a preponderance of the evidence that it was revoked by a subsequent will, legally executed and tested in the same manner required of the former will.

The burden was upon the contestants in this case to prove to the satisfaction of the jury that the will offered by them was the last will and testament of the deceased; that it was properly executed, as required by law, and that the testator was of sound and disposing mind. Section 485 Thompson on Wills.

The proponent in this close case on the evidence was required to carry too great a burden, and one which the law did not impose upon him. This being true we reason in the language of the court in the case of *Williams* v. *Morehead.*

"It is highly important that the instructions of the court to the jury should have announced the law correctly as to the burden of proof; and the instruction granted to the contestants by the court, telling the jury that the burden of proof was upon the proponents, in view of the testimony in this case, was erroneous and particularly harmful to the case of proponents in the lower court, and may have brought about a wrong result in the decision of the questions of fact."

So we earnestly insist that this case should be reversed and remanded.

*Wilson & Henley* for appellant.

We have examined the brief of counsel for appellant in the above styled cause, and desire to adopt the same in behalf of the interpleaders Restee, Perryman and the other heirs of Mahalia Keith, deceased.

It is the contention of the interpleaders that both wills are void on account of the unsoundness of the mind of the

testator, and that the property of Mahalia Keith should descend to her heirs at law.

In the trial of this matter in the court below, the court instructed the jury in behalf of the appellee, who was complainant below, that William Mims, and the interpleaders, had the burden of proof upon them, and in several instructions directed the jury to return a verdict for the complainant, Cornelia Johnson, unless the interpleaders and the defendant William Mims had established by a preponderance of the evidence that Mahalia Keith was insane at the time she executed the will to Cornelia Johnson.

This case comes clearly within the principles announced by the court in the case of *Williams* v. *Morehead*, and that for this error alone, the case should be reversed and remanded.

*J. A. Smylie,* for appellee.

The appellants are asking for a reversal of this case on the sole ground that the court below erred in giving certain instructions for appellee, placing the burden of proof on appellants to show the insanity of testatrix at the time of the execution of the will to appellee.

Even if the court should hold that the giving of the instructions complained of was error, the court will not reverse unless the cause of appellants was prejudiced thereby.

We say then, that under the testimony in this case the jury reached a correct verdict in this case; that the verdict is manifestly right and will not be disturbed on account of erroneous instructions.

Now in the trial of this case, two wills were placed in evidence, one by the defendant, and one by the complainant, appellee; the former had been admitted to probate. The appellee had the last will, having been executed about nine years after the first will. The appellee proved the legal execution of the first will, showing that it was properly signed and that the testatrix was mentally capacitated and without any undue influence. Then the defendant attempted to show that testatrix was mentally incapacitated

at the time the second will was executed.   In other words the appellee by proof established her will and thereby made void the will executed first.   In order to protect and re-establish his will, it became necessary for the defendant to show the mental incapacity of testatrix at the time the second will was executed, which the defendant wholly failed to do, as the record shows.

We say then, that it matters not at all, upon whom the instructions place the burden of proof as to sanity or insanity.   The jury could not rightly and justly have returned any other verdict on the evidence in this case.   And furthermore the jury pays very little attention, if any at all, to instructions.   The jury decided this case on the evidence as they believed to be just and right and the verdict should not be disturbed.

ETHRIDGE, J., delivered the opinion of the court.

This is a contest over the establishment and the probation of a will.   The appellee, Cornelia Johnson, filed her bill in the chancery court, setting forth that Mahalia Keith died in 1918, leaving as her last will and testament a will dated the 19th day of November, 1913, in the following words:

"I, Mahalia Keith, being of sound mind, do make and declare this to be my last Will.   I give, devise, and bequeath unto William Mims $1.00, and also to Ristic Perryman $1.00, and I give, devise and bequeath the balance of my estate, both real and personal, to my daughter, Cornelia Johnson.   I appoint —— executor of my last will without bond.

"In witness whereof, in Copiah county, Mississippi, I hereunto set my hand and seal, this the 19th day of November.   .   .   .

her<br>"[Signed]   Mahalia  X  Keith.<br>mark

"Witness: A. D. Slay.
"State of Mississippi.

"The said Mahalia Keith, in the county of Copiah, Mississippi, on the 19th day of November, 1913, signed the foregoing instrument and published and declared the same in our presence as her last will, and we, at her request and in her presence and in the presence of each other, on the said date, have hereunder written our names as subscribing witnesses thereto.         [Signed] J. R. Brown.

                              "J. P. Brian."

After the death of Mahalia Keith, the appellant filed and secured probation by the clerk of a will to him, dated the 30th day of June, 1904, in the following words:

"In the name of God, Amen. I, Mahalia Keith, of the county of Copiah, and the state of Mississippi, being of sound mind and disposing memory, and being admonished of the uncertainty of life and the certainty of death, do make, publish and declare this to be my last Will and Testament.

"First. It is my wish and desire that all of my just debts, including those of my last illness, shall first be paid and to this end I charge all my estate both real and personal.

"Second. On account of the attentiveness of William Mims, my oldest son, during my old age, in maintaining me and his many efforts to make me comfortable and happy. I hereby devise and bequeath to the said William Mims my entire estate both real and personal, said property consisting of money and lands lying in the county of Copiah, state of Mississippi.

"Third. I hereby appoint the said William Mims the executor of this my last will and testament without bond, and it is my wish that the said William Mims shall not be required to render an inventory of my property.

"Witness my signature this the 30th day of June, 1904.

                                        her
            "[Signed] Mahalia X Keith.
                                        mark

"We, the undersigned, at the request of the testator, Mahalia, set our hands as subscribing witnesses to this her

last will and testament. She published, declared and signed in our presence the last will and testament, and we signed in the presence of each other.

"Witnesses: [Signed] M. S. McNeil.

" T. H. Sanders."

The complainant's will was established by the verdict of the jury. The contest over the 1913 will (being the last will) turned upon the mental capacity of Mahalia Keith to make a will. The proof was conflicting upon this proposition. The subscribing witnesses and others testified for the complainant to sustain the will, and there was testimony which tended to show incapacity of the testatrix, Mahalia Keith, to make a will for the defendant, Mims, which in our judgment the jury would have been authorized to accept, if they believed it to be true. In other words, on the evidence in the record, we think the jury's verdict would have been upheld for either party, if there were no errors of law. The court, however, committed error in granting the complainant, Cornelia Johnson, instructions which placed the burden of proof upon the defendant in the case. The will in favor of the defendant, Mims, had been probated, which gave it a *prima facie* validity. The will in favor of the appellee, Cornelia Johnson, had not been probated, and it devolved upon the proponent of that will to establish it; that is to say, the burden of proof was upon Cornelia Johnson to establish the 1913 will. *Williams* v. *Moorehead*, 116 Miss. 653, 77 So. 658; *Sheehan* v. *Kearney*, 82 Miss. 688, 21 So. 41, 35 L. R. A. 102. It was therefore error for the court to grant the complainant the said instructions, for which the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*