207 So.2d 348 (1968)
ESTATE of James Monroe WILLIS, Deceased, S.E. Willis and Rachel Willis Murphy
v.
Everette B. WILLIS et al.
No. 44746.
Supreme Court of Mississippi.
February 19, 1968.
W. Rayford Jones, Philadelphia, for appellants.
Clayton Lewis, Clayton Taylor Lewis, Philadelphia, for appellees.
ETHRIDGE, Chief Justice:
This case involves an attempt by appellants, S.E. Willis and Rachel Willis Murphy, to probate a lost will. On a contest by Everette B. Willis and others, some of the heirs of James Monroe Willis, deceased, the Chancery Court of Neshoba County denied probate. It held that, although proponents had met the burden of proof to show existence of the will and its contents, they failed to prove the authenticity of the signatures of the two subscribing witnesses (who were deceased), and failed to overcome by clear and convincing testimony the presumption that decedent destroyed the will with the intent to revoke it. We affirm.
*349 Mississippi Code 1942 Annotated section 498 (1956) provides:
The due execution of the will, whether heretofore or hereafter executed, must be proved by at least one of the subscribing witnesses, if alive and competent to testify; but if none of the subscribing witnesses can be produced to prove the execution of the will, it may be established by proving the handwriting of a testator, and of the subscribing witnesses to the will, or of some of them.
James Monroe Willis died on November 26, 1964, and shortly thereafter S.E. Willis, a brother, was appointed administrator of his estate. However, in May 1966, S.E. Willis and Rachel Willis Murphy petitioned the court for probate of a lost will of decedent, of which petitioners had no knowledge at the time of the appointment of an administrator. Upon a contest, the chancellor held that in 1950 James Monroe Willis signed a typewritten will, to which were attached asserted signatures of two subscribing witnesses, J.V. Hillman and Hugh Latimer, both of whom were dead at the time of the hearing. Two witnesses testified that they had seen the will several years before James Monroe Willis' death. They stated that Rachel Willis Murphy was the sole beneficiary, and recognized the signature of testator. However, they could not verify the signatures of the attesting witnesses, Hillman and Latimer.
In short, there was no testimony that the signatures of Hillman and Latimer, as attesting witnesses, were genuine, or that someone saw these witnesses sign their names to the will. Although required by code section 498, there was no evidence, direct or secondary, that the signatures of Hillman and Latimer were genuine. When the witnesses to a lost will are dead, their attestation may be proved by secondary evidence. Code section 498 expressly authorizes this. Williams v. Moorehead, 116 Miss. 653, 77 So. 658 (1918); Annot., 63 A.L.R. 1195 (1929); Atkinson, Wills § 186 at 455 (1937); 95 C.J.S. Wills §§ 412, 413 (1957). Although under code section 498 the testimony of only one living witness is sufficient to establish a will's proper execution, proof of two signatures of witnesses is required to prove due execution where the witnesses to a will are deceased. Here there was no authentication of the signatures of the subscribing witnesses. See Miss. Code 1942 Ann. § 657 (1956).
Failure to find a will which was last seen in the testator's possession raises a rebuttable presumption that he destroyed it animo revocandi. James v. Barber, 244 Miss. 234, 142 So.2d 21 (1962); Adams v. Davis, 233 Miss. 228, 102 So. 190 (1958); Veazy v. Turnipseed, 219 Miss. 559, 69 So.2d 379 (1954); Annot., 3 A.L.R.2d 949, 952 (1949); 57 Am.Jur. Wills § 549 (1948); Atkinson, Wills § 186 (1937); 95 C.J.S. Wills § 385, at pp. 283-287 (1957); 1 Jarman, A Treatise on Wills 152-53 (6th ed. 1910); 3 Page, Law of Wills § 29.139 (4th ed. 1961); Comment, An Examination of Various Aspects of Mississippi Wills Law, 36 Miss. L.J. 345, 358 (1965). In Mississippi that presumption can only be overcome by "clear and convincing" evidence. James v. Barber, 244 Miss. 234, 248, 142 So.2d 21, 27 (1962); Comment, An Examination of Various Aspects of Mississippi Wills Law, 36 Miss.L.J. 345, 358 (1965).
In the instant case the chancery court correctly held that the proponents of the will failed to rebut the presumption, by clear and convincing evidence, that testator destroyed the will with the intention to revoke it. The evidence indicates that its possession was in testator, and there was no evidence that he ever parted with possession.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.