358 So.2d 376 (1978)
Sylvester GASTON and Edna Jones Gaston, and Aggie Lee Gates, Individually and as Administratrix of the Estate of Willie Gaston, C.T.A.
v.
Bernice GASTON and Bernette Gaston.
No. 50189.
Supreme Court of Mississippi.
April 19, 1978.
As Modified On Denial of Rehearing May 24, 1978.
*377 Caldwell & Lewis, Ben M. Caldwell, Marks, Sullivan, Smith, Hunt & Vickery, Ralph E. Chapman, Clarksdale, for appellants.
William Dean Stark, Clarksdale, for appellees.
Before ROBERTSON, P.J., and SUGG and WALKER, JJ.
ROBERTSON, Presiding Justice, for the Court:
The Chancery Court of Quitman County sustained a motion for judgment notwithstanding the verdict, set aside the verdict of the jury finding that the last will and testament of Willie Gaston, deceased, was properly executed and witnessed, and entered judgment for Bernice and Bernette Gaston, his nieces, finding that Willie Gaston had died intestate, and that they inherited his property under the laws of descent and distribution.
The court also found that Edna Jones Gaston was not the common law wife of Willie Gaston and that Sylvester Gaston was their illegitimate son, and did not inherit from his father, Willie Gaston.
There were two principal issues:
Whether the original of the instrument styled "Last Will and Testament of Willie Gaston" was properly executed and witnessed and subsequently lost, so as to make the copy of the will (blank as to date and signatures) properly admitted to probate; and
Whether there was a valid common law marriage between Willie Gaston and Edna Jones Gaston and whether their son, Sylvester Gaston, was legitimate.
If there were a valid common law marriage, then the question would arise:
Whether Edna, by her conduct after separating from Willie in 1930, had estopped herself from inheriting any part of Willie's estate.
A four-page copy of the will (blank as to date and signatures) was received as an exhibit. Mrs. Robbie Lee Gore testified that she typed the instrument styled "Last Will and Testament of Willie Gaston" in early December, 1966, while a secretary in the law offices of Denton and Gore. After the original was delivered to Willie, she does not remember him returning to the office to execute the will, nor does she remember signing as a witness. In fact, she does not remember Willie Gaston.
Mississippi Code Annotated section 91-5-1 (Supp. 1977), provides that, if the will is not a holographic will:
"[I]t shall be attested by two (2) or more credible witnesses in the presence of the testator or testatrix."
Section 91-7-7 (1972) provides:
"The due execution of the will, whether heretofore or hereafter executed, must be proved by at least one of the subscribing witnesses, if alive and competent to testify. If none of the subscribing witnesses can be produced to prove the execution of the will, it may be established by proving the handwriting of a testator and of the subscribing witnesses to the will, or of some of them." (Emphasis added).
No witness testified as a subscribing or attesting witness, nor did any witness testify that the will was signed by the testator in his or her presence. Furthermore, James McCain, who testified that he saw the names of James McKibben and Robbie Lee Gore on the original, did not testify that he saw the testator or any witness sign the will, nor did he testify that he was familiar with their handwriting and that the names on the will were in fact their genuine signatures. Thus there was neither direct nor secondary evidence that the alleged lost or destroyed will was ever signed and witnessed and executed according to law.
We are of the opinion that the chancellor was correct in setting aside the jury verdict (finding that the lost or destroyed will had been properly executed according to law) under the authority of the Estate of Willis et al. v. Willis et al., 207 So.2d 348 (Miss. 1968). In affirming the trial court's denial *378 of probate of a lost typewritten will, this Court said:
"In short, there was no testimony that the signatures of Hillman and Latimer, as attesting witnesses, were genuine, or that someone saw these witnesses sign their names to the will. Although required by code section 498 [now § 91-7-7, Miss. Code Ann. (1972)], there was no evidence, direct or secondary, that the signatures of Hillman and Latimer were genuine." 207 So.2d at 349.
The next issue is whether there was a valid common law marriage between Willie Gaston and Edna Jones Gaston. According to Edna, and her testimony was undisputed, at 14 years of age she was married to Willie Gaston on the front porch of her family's home in January, 1925. There were quite a few people present at the ceremony, which was performed by a preacher to whom Willie paid $2.00. The preacher and all witnesses were dead at the time of the trial.
On May 26, 1926, while living together in the same house as man and wife, Edna Jones Gaston gave birth to Sylvester Gaston. When Edna was 16 years of age, which would have been two years after their marriage, she was baptized under the name "Gaston".
From 1925 to 1930, Willie and Edna lived on various plantations in the same house as man and wife, received a "furnish" as man and wife, attended church together, ball games and various other functions, acknowledged each other and publicly stated on many occasions that they were man and wife and the father and mother of Sylvester. They were recognized in the community as man and wife from 1925 until their separation in 1930.
Mrs. Sadie Boyle Wilson, Tobe Boykin, Leon Rice, Mrs. Martha Kurkendall, and Mrs. Elnora Wilie all testified that Willie and Edna lived together as husband and wife and that they knew them as man and wife.
Counsel for Edna Gaston and Sylvester Gaston closed his case with this statement:
"May it please the Court, we have at least fourteen more witnesses; they would be repetitious and corroborative, and for that reason, we will rest."
In 1930 Willie ran Edna off with the statement "I'm going to divorce you." However, no divorce decree was ever introduced into evidence. Edna went to Missouri soon after her separation from Willie and began to live with a man named James Givens. She lived with him for twenty-eight years until his death.
On April 6, 1931, Willie Gaston married Vera Patterson, and a certificate of marriage was recorded in the marriage records of Coahoma County, Mississippi. Willie obtained a divorce from Vera on November 19, 1935, in Coahoma County.
On November 29, 1935, Willie Gaston obtained a marriage license and subsequently married Carrie Mae Gates, with whom he lived until her death in April, 1968.
In Stutts et al. v. Estate of Stutts, 194 So.2d 229 (Miss. 1967), this Court said:
"Common-law marriages were valid in this State until 1956, when they were abolished. Miss. Laws 1956, Ch. 239, being Miss. Code Ann. § 465.5 (Supp. 1964). Ladnier v. Ladnier's Estate, 235 Miss. 374, 109 So.2d 338 (1959), summarized the rules on common-law marriages, in a case where the asserted husband was deceased. In order to establish the existence of such a marriage, before the 1956 statute, it was necessary to show an agreement between the parties that they intended to be husband and wife, and that this agreement was followed by cohabitation. A claim of such marriage is regarded with suspicion and will be closely scrutinized; the burden is on one who asserts the claim, and all essential elements must be shown to exist. Further, when one of the parties is dead, the essential elements must be shown by clear, consistent, and convincing evidence." 194 So.2d at 231. (Emphasis added).
We think that Edna met the burden of proof which was squarely placed on her. Since their common law marriage was established *379 and proved, Sylvester Gaston, being born in wedlock, was the legitimate son of Willie and Edna Gaston. Sylvester continued to live with Willie until he was grown. He was reared and supported by Willie and openly acknowledged by Willie as his son. Edna tried to take Sylvester with her to Missouri, but Willie refused to let him go.
The chancery court, in its opinion, said:
"It appears to be evident that Sylvester Gaston was, in fact, the child of Edna and Willie Gaston."
We are of the opinion, however, that, even though the common law marriage between Willie and Edna was established and proved, Edna, by her subsequent conduct of not bothering to get a divorce nor assure herself that Willie had gotten a divorce from her before taking up with Givens and living with him for 28 years, has estopped herself from inheriting from Willie. Walker v. Matthews, 191 Miss. 489, 3 So.2d 820 (1941).
Sylvester, having been born in wedlock and being the legitimate son of Willie and Edna Gaston, is entitled to inherit Willie Gaston's entire estate, as his sole heir at law, Edna being estopped to claim any part of Willie's estate.
The decree of the lower court setting aside the verdict of the jury and denying probate of the lost or destroyed will of Willie Gaston is affirmed; but that part of the decree adjudging Sylvester Gaston illegitimate and the collateral heirs, Bernice and Bernette Gaston, inheritors of Willie's estate is reversed, and judgment is rendered here recognizing Sylvester Gaston as the sole heir at law of Willie Gaston, deceased, and, therefore, entitled to inherit his entire estate.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.