# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-01821-SCT

*IN THE MATTER OF THE LAST WILL AND TESTAMENT OF LUKE BEARD, DECEASED: ANTONIO CHRISTMAS*

*v.*

*DIANE CHRISTMAS*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/12/2019 |
| TRIAL JUDGE: | HON. NATHAN P. ADAMS, JR. |
| TRIAL COURT ATTORNEYS: | W. BRADY KELLEMS |
| | BERNARD C. JONES, JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | BERNARD C. JONES, JR. |
| | ASHLEY D. JONES |
| ATTORNEY FOR APPELLEE: | W. BRADY KELLEMS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REINSTATED AND AFFIRMED - 03/17/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     In this certiorari case, we must determine what evidence is required to prove the execution of a will when both the testator and the subscribing witnesses are deceased. We find that in the absence of the testimony of at least one subscribing witness, a proponent of a will must prove the handwriting of the testator and at least two subscribing witnesses.

Because there is proof of only one of the subscribing witnesses' signatures, the chancellor did not err by dismissing the petition to probate the purported will. We reverse the decision of the Court of Appeals, and we reinstate and affirm the decision of the Lincoln County Chancery Court.

## FACTS AND PROCEDURAL HISTORY

¶2. Luke Beard executed a will on February 13, 1987. The will named Luke's daughter, Diane Christmas, as executrix, and it left all of Luke's property, including thirty-two acres of land, to his grandson, Antonio Christmas. Despite being named as executrix, Diane did not know about the will.

¶3. The will was executed by Luke and duly subscribed by Robert E. Jones, Sr., and his son Robert E. Jones, Jr., as attesting witnesses to the will's execution. The last paragraph of the will states,

> IN WITNESS WHEREOF, I have signed, published and declared this instrument as and for my last will and testament in the presence of the witnesses whose names are subscribed below, and the said witnesses have, at my special instance and request, in my presence and in the presence of each other, subscribed their names as attesting witnesses, all on this the 13th day of January, A.D. 1987.
>
> [/s/Luke Beard]
> Luke Beard
>
> Witnesses:
> [/s/ Robert E. Jones, Jr.]
> [/s/ Robert E. Jones, Sr.]

"January" was scratched out, and "February" was handwritten below it.

2

¶4. Luke died on February 26, 2001. After Luke's death, Diane and Antonio became estranged.

¶5. Having no knowledge of the will, Diane petitioned to open an estate on December 11, 2002. Antonio was unaware of the estate proceeding.

¶6. At some point in 2003, Antonio found Luke's will in a closet in Luke's house. Antonio did not tell his mother about the will and took no action regarding the will.

¶7. On June 19, 2014, Diane filed a second petition to open an estate. As with the first petition, Antonio was unaware of the estate proceeding. According to Antonio, an order was later entered closing the estate and vesting title of the thirty-two acres of land to Diane.[1]

¶8. In 2017, Good Hope, Inc., entered the land and started to cut timber on the property. When Antonio attempted to stop them, he learned of the estate actions filed by Diane. Thereafter, on October 1, 2018, seventeen years after Luke's death and fifteen years after he found the will, Antonio petitioned to probate Luke's will. Diane contested the will and filed her objection to Antonio's petition to probate. The matter went to trial before the chancery court.

¶9. At trial, Antonio testified that he was familiar with Luke's signature and that the signature on the will was Luke's. Diane also testified that the testator's signature on the will "appears to be" Luke's signature.

---

[1] Title to the thirty-two acres of land is at issue in *Good Hope, Inc. v. Antonio Christmas*, a case currently pending in Lincoln County Chancery Court.

¶10.    Both of the subscribing witnesses were deceased at the time of trial.[2]  Durwood Breeland, a local attorney, testified regarding the subscribing witnesses' signatures. Breeland testified that he was familiar with the signatures of both Jones, Sr., and Jones, Jr.  Breeland verified that the signature of Jones, Jr., on Luke's will was genuine.  But he was not asked to and did not verify the signature of Jones, Sr., on the will.  Thus, while there was testimony regarding the signatures of Luke and Jones, Jr., there was no testimony regarding the signature of Jones, Sr.

¶11.    The chancellor found that Antonio had "fail[ed] to present required evidence of attestation of the purported . . . will as required by Mississippi [l]aw" and therefore dismissed the petition.  Antonio appealed to this Court, and the appeal was assigned to the Mississippi Court of Appeals.

¶12.    The Mississippi Court of Appeals found that Antonio had presented sufficient evidence to admit Luke's will to probate and therefore reversed the chancellor's decision and remanded the case for further review.  ***Christmas v. Christmas (In re Will of Beard)***, No. 2019-CA-01821-COA, 2021 WL 1975961, at *1 (Miss. Ct. App. May 18, 2021).  Diane filed a petition for writ of certiorari, which this Court granted.

## STANDARD OF REVIEW

---

    [2] Robert E. Jones, Sr., died in November 2003, and Robert E. Jones, Jr., died after Antonio filed the petition to probate. Despite the fact that Jones, Jr., was still alive at the time Antonio filed his petition to probate, Antonio failed to depose Jones, Jr., or to procure his affidavit in an effort to preserve his testimony.

4

¶13. Our standard of review is set forth in the Court of Appeals' decision:

> "In reviewing a chancellor's findings, we employ an abuse-of-discretion standard of review." **Mays v. Zumwalt (In re Estate of Amburn)**, 301 So. 3d 737, 740 (¶ 7) (Miss. Ct. App. 2020) (quoting **Covington v. McDaniel (In re Estate of Necaise)**, 126 So. 3d 49, 56 (¶ 22) (Miss. Ct. App. 2013)). "This Court will not disturb a chancellor's findings of fact in a will contest unless the findings are clearly erroneous or manifestly wrong, or the chancellor applied an incorrect legal standard." **In re Estate of Amburn**, 301 So. 3d at 740 (¶ 7). "However, when considering a question of law, we employ a de novo standard of review." **Id.**

**In re Will of Beard**, 2021 WL 1975961, at *6.

## DISCUSSION

¶14. Mississippi Code Section 91-5-1 sets forth the requirements for the valid execution of a nonholographic will or codicil:

> Every person eighteen (18) years of age or older, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, provided such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence and by his or her express direction. Moreover, *if not wholly written and subscribed by himself or herself, it shall be attested by two (2) or more credible witnesses in the presence of the testator or testatrix.*

Miss. Code Ann. § 91-5-1 (Rev. 2021) (emphasis added). Thus, "[i]n compliance with statutory requirements, a valid nonholographic will or codicil 'must be attested by two or more credible witnesses in the presence of the testator.'" **Murakami v. Young (In re Will of Massingale)**, 199 So. 3d 710, 713 (Miss. Ct. App. 2016) (quoting **Swilley v. Estate of**

5

***LeBlanc (In re Estate of Regan)***, 179 So. 3d 1155, 1158-59 (Miss. Ct. App. 2015)).

¶15.    Mississippi Code Section 91-7-7 provides the requirements for *proving* the due execution of a will:

> The due execution of the will, whether heretofore or hereafter executed, must be proved by at least one (1) of the subscribing witnesses, if alive and competent to testify. *If none of the subscribing witnesses can be produced to prove the execution of the will, it may be established by proving the handwriting of a testator and of the subscribing witnesses to the will, or of some of them.* The execution of the will may be proved by affidavits of subscribing witnesses. The affidavits may be annexed to the will or may be a part of the will, and shall state the address of each subscribing witness. Such affidavits may be signed at the time that the will is executed.

Miss. Code Ann. § 91-7-7 (Rev. 2021) (emphasis added).

¶16.    Here, no affidavits had been executed by the subscribing witnesses, and neither of the subscribing witnesses were alive to testify by the time the will contest was heard.  Because none of the subscribing witnesses can be produced to prove the execution of the will, it must be established "by proving the handwriting of a testator and of the subscribing witnesses to the will, or of some of them." *Id.*  The phrase "or of some of them" is at issue and requires interpretation.   The issue is whether "them" refers to "the subscribing witnesses" or collectively to the "testator and . . . the subscribing witnesses." *Id.*

¶17.    The Court of Appeals interpreted "them" to include the testator and the subscribing witnesses. ***In re Will of Beard***, 2021 WL 1975961, at *6.  Specifically, the Court of Appeals held,

> In this case, the words "or of some of them" are simple and unambiguous. They clearly refer to the signatures of the testator and the subscribing

6

witnesses. Section 91-7-7 clearly states that to prove due execution of the will, the handwriting of the testator must be authenticated. Therefore, the logical conclusion is that the term "or of some of them" refers to the handwriting of the testator and the handwriting of at least one of the attesting witnesses. Had the statute required authentication of the handwriting of all, or even two attesting witnesses, it would have so stated. But it does not. Accordingly, we hold that the phrase "or of some of them" means verification of the testator's handwriting *and* the handwriting of at least one of the attesting witnesses.

*Id.* (footnote omitted).

¶18. But the dissent in the Court of Appeals found that "them" refers to "the subscribing witnesses" and that "the best reading of [Section 91-7-7] is that it requires proof of the signatures of at least two of the subscribing witnesses." *Id.* at *8 (Wilson, P.J., dissenting). The dissent explained:

A significant difficulty with the majority's interpretation of the statute is that it would allow the proponent to establish proper execution of the will without the testimony of any subscribing witness and without any proof of the authenticity of the testator's signature. The majority asserts that "the words 'or of some of them' are simple and unambiguous" and "clearly refer to the signatures of the testator and the subscribing witnesses." If "or of some of them" refers collectively to the testator and the subscribing witnesses, then proof of the handwriting of any two persons from that collective group will suffice—whether it be the testator and a witness or just two witnesses. It seems unlikely that the Legislature intended for a will to be proved without the testimony of a single subscribing witness or even some proof of the authenticity of the testator's signature.

*Id.* (Wilson, P.J., dissenting) (citation omitted). We agree.

¶19. This Court addressed this issue in *Estate of Willis v. Willis*, 207 So. 2d 348 (Miss. 1968). In *Willis*, we interpreted the predecessor of Section 91-7-7, which contained

7

substantially similar language. *Id.* at 349 (interpreting Miss. Code (1942) § 498 (1956)).[3] This Court found that "[a]lthough under [the statute] the testimony of only one living witness is sufficient to establish a will's proper execution, *proof of two signatures of witnesses is required to prove due execution where the witnesses to a will are deceased*." *Id.* (emphasis added).

¶20. *Willis* involved an attempt to probate a lost will. *Id.* The decedent had signed a typewritten will that included the signatures of two subscribing witnesses, both of whom were deceased at the time of the hearing. *Id.* Two witnesses testified that they had seen the will and "recognized the signature of [the] testator" but "could not verify the signatures of the attesting witnesses." *Id.* "In short, there was no testimony that the signatures of [the two subscribing witnesses] were genuine, or that someone saw these witnesses sign their names to the will." *Id.* Because there was no authentication of the signatures of the subscribing witnesses, we held that the petitioners failed to prove due execution of the will. *Id.*

¶21. The Court of Appeals cited *Willis* but found that it is "dicta" and factually distinguishable because in *Willis*, "the court had no evidence of the genuineness of either of the two subscribing witnesses' signatures on the will, and it was not compelled to reach the issue here: the meaning of 'or of some of them.'" *In re Will of Beard*, 2021 WL 1975961,

---

[3] Mississippi Code (1942) Section 498 provided, "[t]he due execution of the will, whether heretofore or hereafter executed, must be proved by at least one of the subscribing witnesses, if alive and competent to testify; but if none of the subscribing witnesses can be produced to prove the execution of the will, it may be established by proving the handwriting of a testator, and of the subscribing witnesses to the will, or of some of them."

at *6 n.8. We disagree.

¶22. The issue in *Willis* was whether the will had been properly executed. The Court discussed the statutory requirements, including proof of "the handwriting of a testator, and of the subscribing witnesses to the will, or of some of them." *Willis*, 207 So. 2d at 349 (quoting Miss. Code (1942) § 498). The Court found that "[a]lthough required by code section 498, there was no evidence, direct or secondary, that the signatures [of the two subscribing witnesses] were genuine." *Id.* Thus, while the Court did not specifically address the meaning of "or of some of them," it specifically held that "*proof of two signatures of witnesses is required to prove due execution where the witnesses to a will are deceased.*" *Id.* (emphasis added).

¶23. This Court later relied on and cited *Willis* in *Gaston v. Gaston*, 358 So. 2d 376 (Miss. 1978). In *Gaston*, "[n]o witness testified as a subscribing or attesting witness, nor did any witness testify that the will was signed by the testator in his or her presence." *Id.* at 377. Although a witness "testified that he saw the names of [two subscribing witnesses] on the original, [he] did not testify that he saw the testator or any witness sign the will, nor did he testify that he was familiar with their handwriting and that the names on the will were in fact their genuine signatures." *Id.* The Court, citing *Willis*, found that "[a]lthough required by code section 498 (now [Section] 91-7-7, Miss. Code Ann. (1972)), there was no evidence, direct or secondary, that the signatures of [the two subscribing witnesses] were genuine." *Id.* at 378 (internal quotation mark omitted) (quoting *Willis*, 207 So. 2d at 349). As a result,

9

the Court held that insufficient evidence established the will's proper execution. *Id.* at 377.

¶24.    Additionally, although the Court of Appeals cited ***Williams v. Morehead***, 116 Miss. 653, 77 So. 658 (1918), it failed to reference the most significant portion of the case.  In ***Williams***, a case decided fifty years before ***Willis***, this Court stated,

> We understand the law to be that ordinarily a will should be proved and established by at least one of the subscribing witnesses. However, we hold that while this is the rule, yet should the attesting witness be dead or beyond reach of the court and this testimony cannot be secured, or if they be present in court and become hostile to the proponents of the will and either refuse or fail to testify to the execution of it, or deny the execution of the will and deny the attestation, still *the proponents of the will may offer other proof to establish its valid execution by showing by competent testimony that the testator signed it, or that it contains his signature, and that the signatures of at least two of the witnesses are the genuine signatures of the persons purporting to be witnesses thereto*, and by such proof the will may be legally probated and conclusively established by the court. 2 Wigmore on Evidence, § 1302; 1 Alexander on Wills, § 508; 40 Cyc. 1303.

*Id.* at 660 (emphasis added).

¶25.    While not binding, various treatises are helpful.  *Mississippi Probate and Estate Administration* provides that when the subscribing witnesses are dead, "proof of the signatures of two witnesses is required to prove due execution."  Robert E. Williford & Samuel H. Williford, *Mississippi Probate and Estate Administration* § 2:2 (3d ed. 2003) (citing ***Willis***, 207 So. 2d at 349).  Additionally, *Wills and Administration of Estates in Mississippi* provides that "[i]f neither subscribing witness can or will provide the testimony necessary to prove due execution, the proponents [of the will] . . . may prove that the signatures on the will purporting to be those of the testator and at least two of the subscribing

10

witnesses are in fact the genuine signature of those people." Robert A. Weems, *Wills and Administration of Estates in Mississippi* § 8:14 (3d ed. 2003) (citing Miss. Code Ann. § 91-7-7; **Williams**, 77 So. at 660).

¶26. We find that under Section 91-7-7, the phrase "or of some of them" refers to "the subscribing witnesses" and that

> the better reading of the statute is that—in the absence of the testimony of at least one subscribing witness—the proponent of the will must prove the handwriting of the testator and at least two subscribing witnesses. Miss. Code Ann. § 91-7-7. Indeed, [this Court] previously adopted this interpretation of the statute, stating that "[a]lthough under [the statute] the testimony of only one living witness is sufficient to establish a will's proper execution, proof of two signatures of witnesses is required to prove due execution where the witnesses to a will are deceased." **Willis**, 207 So. 2d at 349.

**Beard**, 2021 WL 1975961, at *9 (Wilson, P.J., dissenting) (second and third alterations in original).

¶27. The record reflects that Antonio proved the handwriting of the testator (Luke) and one of the subscribing witnesses (Jones, Jr). But Antonio failed to prove the handwriting of the second subscribing witness (Jones, Sr). Because Antonio failed to prove the handwriting of at least two subscribing witnesses, the chancellor did not err by dismissing Antonio's petition to probate the purported will.

## CONCLUSION

¶28. We reverse the decision of the Court of Appeals, and we reinstate and affirm the decision of the Lincoln County Chancery Court.

¶29. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE**

11

**JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REINSTATED AND AFFIRMED.**

      **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**