WYATT W. BAILEY *v.* GEORGE W. OSBORN, Admr., &c.

1. PROBATE COURT: JURISDICTION OF, TO PROBATE WILL, &c.—A Court of Probate in this State has no jurisdiction to grant probate of a will of a person, domiciled at the time of his death in a sister or foreign State; and if it improvidently do so, it may revoke and annul the decree.

2. SAME.—A Court of Probate in this State, in which the will of a person domiciled in a foreign or sister State has been admitted to probate, cannot entertain a proceeding to annul the will, on account of the insanity of the testator, or because it was obtained by fraud.

3. WILL: LIMITATIONS IN RESPECT TO CONTESTATION OF.—The lapse of the period of five years, in which the heir is allowed to contest a will which has been probated in common form is no bar. When the Court of Probates in which

the will was admitted to probate, had no jurisdiction over the subject, on account of the alleged ·testator being domiciled at the time of his death in another State.

APPEAL from the Probate Court of Hinds county. Hon. A. L. Dabney, judge.

*Geo. L. Potter* and *D. Shelton,* for appellant.

*T. J.* and *F. A. R. Wharton,* for appellee.

FISHER, J., delivered the opinion of the court.

This was a petition filed by the appellant, in the Probate Court of Hinds county, alleging that the will of one John Cochran, deceased, was, on the 28th day of September, 1843, admitted to probate in said court; that the executors therein named failing to qualify, letters of administration with the will annexed, were granted, in December, 1844, to the appellee, George W. Osborn. That the alleged testator was, both at the date of the said will and at the time of his death, a citizen of the county of Smith, in the State of Tennessee. That he was mentally incapable of making a will, and was only induced to do so, by means of the fraud practised upon, and undue influence exerted over him, by one Johnson.

The petition in conclusion prays the court to cause an issue to be made up and sent for trial to the Circuit Court of said county, whether the said writing be the last will and testament of the deceased. The defendants below demurred to the petition, and the court sustaining the demurrer, the petitioner took his appeal to this court.

The question presented by the demurrer is, whether the court could grant the relief prayed by the petition. It is alleged, in substance at least, that the testator was, both at the date of his will and at the time of his death, a citizen of the State of Tennessee, and the inference may be indulged that his domicile was in the county of Smith, in that State. This fact appearing upon the face of the petition, it is manifest that the Probate Court could take no further jurisdiction of the cause, than merely to set aside and annul the probate of the will, which had been granted in September, 1843, and to revoke the letters of administration with the will annexed, granted in December, 1844: As the will could only

operate according to the laws of Tennessee, it could only be established in the proper court in that State; and the Probate Court of Hinds county having no authority to render a judgment, or to pronounce a decree upon the verdict of the jury when rendered, it could not, for this very reason, take the incipient step of ordering a trial of an important fact, by a jury in the Circuit Court. Suppose the issue had been made up and sent to the Circuit Court, and a jury had found in favor of the will, the Probate Court would still have been powerless, supposing the fact to be true as stated, that the testator was a citizen of Tennessee at the time of his death. The issue could only be allowed under the supposition that the court could pronounce the proper decree either for or against the will, according to the fact found by the jury.

The petition only praying for an issue to try an immaterial fact, in the present attitude of the case, the court could not do otherwise than sustain the demurrer. If the object had merely been to set aside the probate of the will, and to revoke the letters of administration granted to Osborn, and to obtain letters, ancillary to the administration of the estate in Tennessee, the court could doubtless have maintained the petition. But such was not the prayer of the petition. The court was requested to grant the issue, and to do only such things as were incidental thereto.

Another question has been argued by counsel, to wit, whether the five years within which a will must be contested, begin to run from the date of the probate, or from the date of the grant of letters testamentary or of administration. And again, if a party has been out of the State five years from the date of the probate, but not five years from the date of the grant of letters testamentary or of administration, whether he comes within the exception made by the statute, allowing him to commence proceedings to set aside the will, within five years after his return to the State. We merely refer to these questions to show that they have been noticed, but not with a view of deciding them, as they cannot arise under the opinion delivered on the main point in the case, for if the court had no jurisdiction to admit the will to probate in the first instance, that decree cannot be treated as binding upon any of the parties interested. Persons claiming the estate of the deceased could only be bound by a will established in a proper court, and would not be

required, upon any principle of reason or sound policy, to search the records of other courts, and especially of other States, to ascertain whether a will affecting their rights had been established therein.

The decree will be affirmed, but modified so as to dismiss the petition without prejudice to future proceedings.