PRATHER, Presiding Justice,
for the Court:
I. INTRODUCTION
This case involves the contested will of Tom Wier Mitchell, a life-long resident of Tippah County, who died on February 3, 1990, at the age of 85. After Mitchell’s death, a search for his will proved futile. Barrett and Bobbie Chapman, who were Mitchell’s neighbors, produced a photocopy of the lost will. This photocopy revealed that Mitchell bequeathed his entire estate to the Chapmans. Mitchell’s heirs-at-law, which included his great nieces and nephews (hereinafter “Abshier”), contested the lost will— relying on the presumption of destruction of the will. A jury found for the Chapmans, and Abshier appealed.
Abshier presented two issues for analysis. This Court need only reach one:

Whether the chancellor properly instructed the jury on the Chapmans’ burden of proof?

II. ANALYSIS
The law regarding admission into probate of a lost will is discussed at length in Warren v. Sidney’s Estate, 183 Miss. 669, 184 So. 806 (1938). Sidney’s Estate sets forth the elements necessary to probate a copy of a lost will are: (1) the proof of the existence of the will; (2) evidence of its loss or destruction; and (3) proof of its contents. Sidney’s Estate, 183 Miss. at 675-76, 184 So. at 807. A fourth element has been added: (4) that the testator did not destroy the will with the intent to revoke it. Robert A. Weems, Wills and Estates § 7-17, p. 216 (1983). This last element, which is most central to this ease, arose from the theory that when a will cannot be found following the death of a testator and it can be shown that the testator was the last person in possession of the will, there arises a rebuttable presumption of revocation.
Where a will which cannot be found following the death of the testator is shown to have been in his possession when last seen, the presumption is, in the absence of other evidence, that he destroyed it animo revo-candi ... 57 Am.Jur., Wills, § 551.
Adams v. Davis, 233 Miss. 228, 237, 102 So.2d 190, 193 (1958); Phinizee v. Alexander, 210 Miss. 196, 200, 49 So.2d 250, 252 (1950); Horner, Probate Prac. & Est. § 79 (4th ed.). This presumption extends to all duplicate copies, even executed duplicates. Adams, 233 Miss. at 237, 102 So.2d at 194; Phinizee, 210 Miss. at 199, 49 So.2d at 252; Horner § 79.
The proponent of the will must prove each of these elements by clear and convincing evidence. See Estate of Leggett v. Smith, 584 So.2d 400, 403 (Miss.1991); Estate of Willis v. Willis, 207 So.2d 348, 349 (Miss.1968); Adams, 233 Miss. at 237-38, 102 So.2d at 194. (“The intent to revoke must appear clearly and unequivocally.” Sidney’s Estate, 183 Miss. at 676, 184 So. at 807. “The policy of the law requires such contents to be established by the clearest, most convincing and *276 satisfactory proof.” Robert A. Weems, Wills and Estates § 7-17, p. 216 (1983).
When considering the instructions to be granted for the jury’s deliberation, the trial judge made the following observation:
BY THE COURT: Thank you, sir. That brings us to P-2 which we just read, and you were objecting to them and you got off on the number. What about the contents of his P-2?
BY MR. FORTIER: Your Honor, again, we would submit that this places an incorrect burden on us under the facts of this case. This instruction states if the Will is traced to the testator and he had access to it — the first part of it is true, that the law presumes that he destroyed the Will with intent to revoke it. We again submit that we are not under a burden of overcoming that clear and convincing evidence.
BY THE COURT: Well, I think when you start out saying the Contestants of a Will are entitled to rely upon this presumption, that seems to me to be bringing in something that’s got no place in the case. Everybody relies on the law but we’re going to have to settle the burden; I see that. You’re going throughout clear and convincing and you’re going throughout preponderance or slight—
BY MR. FORTIER: Your Honor, again, the Adams v. Davis case says that it depends on the facts of the case as to what the burden is, and I think that’s correct.
BY THE COURT: I’ll tell you what I think about that. I think it’s a total loss to me. You’re talking about the burden of proof and you say “this burden” is going to depend on this evidence. That seems to me to get things backwards. Gentlemen, I’m sorry about it. It’s probably my ailments but I’m going to hold that in this civil case, where the burden is upon a party to prove a fact, he need prove it only a preponderance of the evidence. But I’m not going to depart from that to make it less than that. I hope that’s not reversible but it may be. I don’t see how you can vary from clear and convincing to preponderance, depending on the facts of the ease. With all respect, the Supreme Court wrote the opinion. I can’t follow it. I’d get lost trying to. And, just simply to get the case on the road, I’ll have to say preponderance of the evidence.
This statement evidenced that the trial judge was concerned about this Court’s prior holding in Adams. This holding was discussed in the Estate of Leggett:
The presumption has a further, critical dimension. It is rebuttable. Our later cases say it may be overcome only by “clear and convincing” evidence that the testator did not destroy it or that, if he did, he did so accidentally or otherwise without intending revocation. Estate of Willis, 207 So.2d at 349; James v. Barber, 244 Miss. 234, 142 So.2d 21, 27 (1962). Regarding the burden at issue, the Adams Court quoted with approval a more complex exposition found in 1 Jarman, A Treatise on Wills, Sixth Edition, Chapter VII, page 152,
If a will is traced into the testator’s possession, and is not found at his death, the presumption is that he destroyed it for the purpose of revoking it; but the presumption may be rebutted, and it will be more or less strong according to the character of the custody which the testator had over the will. It is difficult to lay down any general rule as to the nature of the evidence which is required to rebut the presumption of destruction: It depends to a considerable extent on the testator’s property and his relations towards his family. Where the will makes a careful and detailed disposition of the testator’s property, and nothing happens to make it probable that he wishes to revoke it, the presumption raised by the disappearance of the will may be rebutted by slight evidence, especially if it is shown that the access to the box, or other place of deposit where the will was kept, could be obtained by persons whose interest it is to defeat the will. In fact, it may almost be said that in such a case the presumption is the other way, namely that the testator did not intend to die intestate.
Adams, 102 So.2d at 194.
Estate of Leggett, 584 So.2d at 403.
The Leggett opinion concluded, however, that the challenge to the court’s instruction *277 as to the proper burden of proof to overcome the presumption failed. Leggett held that the trial court subjected the proof to a “clear and convincing evidence standard or the equivalent thereof.” Leggett, 584 So.2d at 404.
After heating from both parties, the chancellor submitted the following jury instruction:
JURY INSTRUCTION D-4
The Court instructs the Jury that the law recognizes certain presumptions from the inability to find a will. Among these is the presumption that if a will is traced to the possession of the testator, or he had ready access to the will, and the will cannot be found after his death, it is presumed that the testator destroyed the will with an intent to revoke it. However, this presumption may be rebutted by a preponderance of the evidence.
The Chapmans cite Clardy v. The National Bank of Commerce of Mississippi, 555 So.2d 64 (Miss.1989), in support of their argument that the burden of proof in a lost-will case is preponderance of the evidence. This ease can be distinguished. Most obvious is the fact that in Clardy, the will was not lost. Second, the language cited by the Chapmans pertains to a proponent’s burden of persuasion when attempting to establish that the will was duly executed and that the testator had testamentary capacity; it has nothing to do with overcoming the presumption of revocation when a will is lost and was last seen in the testator’s hands. Without further elaboration, the Chapmans’ reliance on Clardy is misplaced.
As a matter of law, it is well-settled that a proponent must prove each element by clear and convincing evidence. The jury was improperly instructed to apply the lower standard of preponderance of the evidence. It does appear from the evidence that (1) the Chapmans were Mitchell’s close friends, and (2) Mitchell was not particularly close to his family. Be that as it may, a will is ambulatory. Mitchell could change his mind at anytime and give his entire estate to his relatives. The theory that a will is presumed revoked when it was last seen in the hands of the testator and cannot be found, contemplates this ambulatory nature and requires clear and convincing proof to overcome the presumption of revocation. The Chapmans may have presented enough evidence to prove to a jury that Mitchell did not intend to revoke his will. This Court, however, cannot make this factual decision. Without a proper instruction on the burden of proof, the jury in this case could not adequately decide this question.
III. CONCLUSION
On the basis of the foregoing analysis, this case is reversed and remanded to the Chancery Court of Tippah County for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.