# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01011-SCT

*ESTATE OF NONA E. CANNON, DECEASED:*

*C. R. EASLEY, SR., ADMINISTRATOR*

*v.*

*JILL FERGUSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/97 |
| TRIAL JUDGE: | HON. ANTHONY THOMAS FARESE |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CLIFF R. EASLEY, JR. |
| ATTORNEYS FOR APPELLEE: | ROBERT J. DAMBRINO, III |
| | LESTER F. SUMNERS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | AFFIRMED - 02/04/1999 |
| MOTION FOR REHEARING FILED: | 3/4/99 |
| MANDATE ISSUED: | 5/6/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Nona E. Cannon died January 8, 1997 in Calhoun County, Mississippi. Nona lived with her husband in the state of Arkansas until his death. After his death she returned to Mississippi.

¶2. Prior to returning, she communicated with her nephew, Clifton Easley Jr., concerning her financial business. After she returned to Mississippi, she went to the office of Paul Moore, Sr. in 1984 and had a will prepared. Subsequently, Nona went back to his office in 1994 and had her will redone. Paul Moore, Jr. was the attorney who made the changes to her will.

¶3. In December of 1996, Nona contacted Robert Cooper to make changes in her will. Nona brought the original will of 1994 to his office, so they could discuss the changes she wanted. The 1996 will was never executed. Before she left Cooper's office, Cooper made a copy of the 1994 will. Nona inquired as to what needed to be done with the 1994 Will and Cooper responded that it would have to be destroyed.

¶4. The contents of each will remained virtually the same with the principal beneficiary of each will being Jill

Ferguson. Nona's estate consists of a substantial amount of money and assets. Her real assets were listed at $713,610.73 with potential of an additional $193,012.61. There are two certificate of deposits 1) $111,000 and 2) $53,000. The names Nona Cannon and Jill Aron Ferguson were listed on both accounts.

¶5. After her death, C.R. Easley, Sr. filed his petition for Letters of Administration in the Chancery Court of Calhoun County, Mississippi at which time Letters of Administration were issued unto him.

¶6. On February 4, 1997 Jill Ferguson filed a copy of the Last Will and Testament for probate. On February 20, 1997, the Administrator filed an answer and response to Ferguson's motion. On February 28, 1997 the Administrator filed an amended response to said motion and also filed a Petition to recover the proceeds of a checking account the deceased had with Farmers and Merchants bank of Bruce and Bank of Mississippi.

¶7. In its judgment, the lower court found that Jill Ferguson overcame the presumption of the revocation of a missing will by clear and convincing evidence. The lower court also found that the monies in the two accounts were with the right of survivorship and belonged to Jill Ferguson.

¶8. C.R. Easley appeals and raises the following issues:

**I. WHETHER THE LOWER COURT ERRED IN ALLOWING A COPY OF A MISSING OR DESTROYED WILL TO BE PROBATED AS THE LAST WILL AND TESTAMENT OF THE DECEASED NONA E. CANNON.**

**II. WHETHER THE LOWER COURT ERRED IN DENYING THE ADMINISTRATOR'S PETITION TO RECOVER PROCEEDS OF BANK ACCOUNTS WITH THE FARMERS AND MERCHANTS BANK AND THE BANK OF MISSISSIPPI, OF NONA E. CANNON, AND IN HOLDING THAT THE PROCEEDS OF SAID ACCOUNTS WERE THE PROPERTY OF JILL ARON FERGUSON.**

## LEGAL ANALYSIS

**I. WHETHER THE LOWER COURT ERRED IN ALLOWING A COPY OF A MISSING OR DESTROYED WILL TO BE PROBATED AS THE LAST WILL AND TESTAMENT OF THE DECEASED NONA E. CANNON.**

¶9. The Appellant contends that the proof was uncontradicted that Nona Cannon was a widow 88 years of age, fully competent and possessed with all of her legal and mental capacities required to make a will. He contends that prior to her death, Nona Cannon contacted Attorney Robert S. Cooper to prepare her a new will and revoke the 1994 Will. After discussing the preparation of a new will, Nona left his office with the original 1994 Will. Attorney Cooper made a copy of the will in an effort to effect the changes Nona wanted.

¶10. Appellant argues that the lower court failed to properly apply the law to the facts in this case, as the proponent failed to put on any evidence to rebut the presumption that Nona Cannon destroyed her will.

¶11. Appellant asserts that it was undenied and admitted by the proponent that Nona Cannon intended to make a new will and had contacted an attorney to do so; no one else had access to her lock box or home other than proponent and Nona Cannon was last known to be in possession of said will.

¶12. The appellant further contends that the 1994 will was invalid in as much as it was the product of undue influence of the proponent Jill Aron Ferguson.

¶13. Appellant follows the proposition that a rebuttable presumption of destruction of a will with intent to revoke it arises when:

> [T]he evidence shows (a) the would-be testator made a will, (b) last known to have been in its maker's possession prior to his death, but (c) not found after death despite diligent search. Where these facts be found and not rebutted, our law presumes that the decedent before his death revoked his will by destroying his will..... We have added that the presumption is not overcome merely "by proof that persons injuriously affected by the will had opportunities to destroy it."

*Berry v. Smith*, 584 So. 2d 400, 403 (Miss. 1991)(citations omitted). The appellant cites the case of *Abshier v. Chapman*, 623 So. 2d 274, 275 (Miss. 1993) where this Court reaffirms the law that where a will cannot be found following the death of the testator, and it is shown to have been in his possession when last seen, the presumption is, in the absence of evidence, that he destroyed it *animo revocandi*. This presumption can only be overcome by clear and convincing evidence.

¶14. For his argument of undue influence, appellant offers proof, by testimony, that Ferguson had a fiduciary relationship with Nona Cannon. It was uncontradicted that Ferguson helped Cannon look after her affairs; took her places that she needed to go; had power of Attorney; was appointed Attorney in Fact to look after her; had access to the house and lock box and was on her accounts. Appellant argues that with this evidence, Ferguson was very instrumental in Nona Cannon's execution of the 1994 will.

¶15. Appellant contends that this Court has held in a long line of cases that when proof establishes a fiduciary and/or confidential relationship, the burden shifts to the proponent to go forward with proof by clear and convincing evidence to rebut the presumption of undue influence. *In re Will of Polk*, 497 So. 2d 815 (Miss. 1986). Appellant further asserts that Ferguson failed to submit evidence necessary to overcome or rebut the presumption and therefore the 1994 will is invalid, assuming that the testator had not destroyed it.

¶16. The appellee in this matter agrees with the lower court in that through two wills and a proposed draft the testator was consistent in having her as principal beneficiary and destroying the will would have been grossly inconsistent with her previous actions. The appellee also asserts that the only suggestion of undue influence affecting the will admitted to probate was the appellant's statement that Cannon told him "she made that other will like Jill wanted it, but she was dissatisfied with it and going to make a new one."

¶17. This Court has held that "'Where--as here-- a trial judge sits without a jury,[it] will not disturb his factual determinations where there may be found in the record substantial supporting evidence.'" *In re Estate of Tallant v. Tallant,* 644 So. 2d 1189 (Miss.1994) (quoting *Snow Lake v. Smith,* 610 So. 2d 357, 360 (Miss. 1992)). We must "affirm a chancellor on a question of fact unless upon review of the record we be left with the firm and definite view that a mistake has been made." *Snow Lake,* 610 So. 2d at 360 (quoting *Rice Researchers, Inc. v. Hiter*, 512 So. 2d 1259, 1264 (Miss. 1987)).

¶18. Upon a review of the record, it is well established by both sides that Nona Cannon did in fact have a will in 1994. Also the testimony shows that in December 1996 she went to Attorney Cooper to make changes to her will. The record reveals that after discussing changes to be made, Cannon left the office with

the original 1994 will. Attorney Cooper testified that he made a copy of the 1994 will and also drafted a new will. He also testified that he advised Cannon on a couple of occasions that her will was ready for her to review, but she responded that she will be over and she was in no hurry. Before she could go back, Nona Cannon died. The 1996 will was not executed and the original 1994 will was not found.

¶19. The law regarding admission into probate of a lost will is discussed at length in ***Warren v. Sidney's Estate,*** 183 Miss. 669, 184 So. 806 (1938). That case sets forth the elements necessary to probate a copy of a lost will, which are: (1) the proof of the existence of the will; (2) evidence of its loss or destruction; and (3) proof of its contents. ***Sidney's Estate***, 183 Miss. at 675-76, 184 So. at 807. A fourth element has been added: (4) that the testator did not destroy the will with the intent to revoke it. Robert A. Weems, Wills and Administration of Estates in Mississippi § 7-17 (1988). This last element arose from the theory that when a will cannot be found following the death of a testator and it can be shown that the testator was the last person in possession of the will, there arises a rebuttable presumption of revocation.

> Where a will which cannot be found following the death of the testator is shown to have been in his possession when last seen, the presumption is, in the absence of other evidence, that he destroyed it animo revocandi... 57 Am.Jur., Wills, § 551.

***Abshier v. Chapman,*** 623 So. 2d 274 (Miss. 1993) (quoting ***Adams v. Davis***, 233 Miss. 228, 237, 102 So. 2d 190, 193 (1958)).

¶20. In the case of ***In re Estate of Tallant v. Tallant***, 644 So. 2d 1189 (Miss. 1994), this Court reversed the decision of the lower court and probate of a lost will was ordered. The Court reasoned that "Tallant's actions reflect meticulous planning and reasons for the disposition of her estate. There is nothing in the record to suggest a change in her views with regard to her basic plan. Her dissatisfaction had only to do with relatively minor parts of the will, that is, how to handle the trusts that had been established comprised of a total of approximately 11% of her estate." ***Id***. at 1196.

¶21. In the present case, the testimony of Attorney Cooper shows that the bulk of the estate would still go to Ferguson. Simply tearing up her will to revoke it would have grossly inconsistent with her actions at other times.

¶22. Based upon the proof and evidence Nona Cannon had knowledge of the contents of her will, she knew how her property would pass and how she intended for it to pass because she named Jill as the principal beneficiary in all three wills.

¶23. The ruling of the lower court is affirmed.

## II. THE LOWER COURT ERRED IN DENYING THE ADMINISTRATOR'S PETITION TO RECOVER THE PROCEEDS OF THE CHECKING AND SAVINGS ACCOUNTS OWNED BY THE DECEASED, NONA E. CANNON, AND HOLDING THAT THE SAME WERE JOINT ACCOUNTS WITH RIGHT OF SURVIVORSHIP.

¶24. Appellant states that although Ferguson's name was listed on the account with Farmers and Merchants Bank of Bruce, Mississippi, under the joint account with right of survivorship part of the card, she did not sign. The appellant also states that the bank card shows that this was not a joint account with right of survivorship. He states that Cannon wanted her funds to go to her estate. Ferguson's name was also on the account at the Bank of Mississippi.

¶25. Appellant argues that the proof established that Ferguson had a fiduciary and/or confidential relationship with the decedent, Cannon, thereby establishing a presumption of undue influence. Appellant states that the burden of proof shifted to Ferguson to rebut the presumption by clear and convincing evidence.

¶26. The appellee contends that the only contrary evidence offered was the legal advice to Cannon prior to her move to Mississippi. Prior to her death Cannon was advised of the effect of joint tenancy and still left the accounts as they were set up.

¶27. The lower court found that " based upon uncontradicted proof that creating the two joint accounts with rights of survivorship was Mrs. Nona's intent and the funds in both joint accounts pass outside of the estate directly to the survivor of the joint owners."

¶28. "On appeal this Court will not reverse a Chancery Court's findings, be they of ultimate fact or of evidentiary fact, where there is substantial evidence supporting those findings." *Cooper v. Crabb*, 587 So. 2d 236, 239 (Miss 1991) (citing *Mullins v. Ratcliff*, 515 So. 2d 1183, 1189 (Miss. 1987); *Norris v. Norris*, 498 So. 2d 809, 814 (Miss 1986)).

¶29. The case of *Madden v. Rhodes*, 626 So. 2d 608, 616 (Miss. 1993) states the legal premise as follows:

> In a 1951 case, this Court stated:
>
> The general rule of law seems to be that in instances where a joint tenancy has been created by clear and unambiguous agreement, and the evidence of the existence of a contrary intention is not present, the Courts have held that a true joint tenancy has been created with respect to the contents of a safe deposit box and the surviving tenants become vested with title thereto.
>
> *Duling v. Duling's Estate*, 211 Miss. 465, 479, 52 So. 2d 39, 45 (1951).

¶30. Common law directs that, where we find survivorship clauses in the name of the account itself, *Weaver v. Mason*, 228 So. 2d 591, 593 (Miss. 1969), in the signature cards, *In re Estate ofIsaacson v. Isaacson*, 508 So. 2d 1131, 1134 (Miss. 1987), or in a joint account agreement, *Stewart v. Barksdale*, 216 Miss. 760, 762, 63 So. 2d 108, 109 (1953), we enforce them according to their tenor. Robert A. Weems, Wills and Administration of Estates in Mississippi § 2-56 (Supp. 1994).

¶31. When Nona Cannon died Jill Ferguson presumptively held title to the joint accounts in the Bank of Mississippi and the Farmers and Merchants Bank, subject to the defeat upon proof of forgery, fraud, duress, or an unrebutted presumption of undue influence. There was no proof of forgery, fraud or duress in this case. The account with the Farmers and Merchants Bank was established in the name of Nona E. Cannon or Josephine E. Aron. However, after the death of Josephine Aron, Jill Ferguson's name was placed on the authorized signature portion of the card. The back portion of the card is signed by Cannon acknowledging survivorship rights. The account at the Bank of Mississippi was established in the name of Nona Cannon or Jill Ferguson and was marked joint account with right of survivorship. A review of the record shows that it was Nona Cannon that created these accounts. After being advised of the effects of joint accounts by her nephew and Attorney Cooper, Cannon kept the accounts with right of survivorship. Given the facts and the circumstances, Cannon's actions of making her own decisions as to her affairs

throughout her life clearly and convincingly shows that there was no undue influence by Ferguson. The decision of the lower court is affirmed.

## CONCLUSION

¶32. After a review of all the facts and arguments presented in this case, when Nona Cannon died, it was her intent to die with a Last Will and Testament. She executed a valid will in 1994 but failed to execute the 1996 will. Her testamentary intent in creating the wills was the same, that being Jill Ferguson would be the primary beneficiary. She elected not to change her bank accounts and left them both with right of survivorship. The ruling of the lower court is affirmed.

¶33. **JUDGMENT AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**