MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Following a hearing on the issue of the domicile of the decedent at the time of his death, the Chancery Court of Pontotoc County granted summary judgment on behalf of the contestants of the will. The chancellor found that she was unable to proceed with probate of an “unauthenticated” copy of a foreign will. From this decision, the proponent, Arbella Watt, appeals, raising the following assignments of error:
 

 I. The chancellor erred in granting the contestants’ motion for summary judgment.
 

 II. The chancellor erred in ruling that a lost will disposing of property located in Mississippi, but executed in another state, could not be initially probated in Mississippi.
 

 III. The chancellor erred in failing to award a jury trial on fact issues as requested by the proponent.
 

 ¶ 2. After considering the record before us and the relevant legal authority, we find the chancellor erred in dismissing the case and should have granted the requested jury trial. Accordingly, we reverse and remand with instructions that the chancellor impanel a jury to determine the validity of the testator’s will in a manner consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. The testator, Artis High, died on April 4, 2003, at a hospital in Tupelo, Mis
 
 *1285
 
 sissippi. Because he was ill and required assistance, prior to his death, he had spent approximately two years in Mississippi living with relatives. High was predeceased by his spouse, and they had no children. It is undisputed that High had significant amounts of personal property located in Mississippi at his time of death.
 

 ¶ 4. Before his move to Mississippi, High resided in St. Louis, Missouri, where he had lived since the late 1960s. He was employed in the automobile industry until his retirement in the late 1980s. According to the proponent, in 1987, High had executed a last will and testament through the United Auto Workers’ Legal Services Benefit Program. The original will has not been located since High’s death.
 

 ¶ 5. Following High’s death, Watt, the proponent, who is his sister and the sole living beneficiary under the will, filed a petition to open an intestate estate. However, on July 15, 2005, she sought to probate the alleged copy of High’s 1987 will. This petition included as exhibits a photocopy of High’s will and photocopies of sworn affidavits of two attesting witnesses to the will. On December 13, 2005, Gracie Cobb, High’s niece and one of the contestants, filed an answer objecting to the probate of the will. Several months later, David High and Joe High, also contestants who, respectively, are the nephew and brother of the deceased, filed a separate complaint contesting the will. It is undisputed that all of the contestants are heirs at law of Artis High.
 

 ¶ 6. The separate actions were later consolidated and set for a jury trial in October 2007. On August 8, 2007, the contestants filed a motion for summary judgment. Before ruling on the contestants’ motion, the chancellor held a hearing on the limited issue of testator High’s residency at his time of death. Following the hearing, the chancellor determined that High had only intended to remain in Mississippi temporarily and was a resident of Missouri when he died. Based upon this finding, the chancellor granted the contestants’ motion for summary judgment and held that Watt was unable to proceed with probate of an “unauthenticated” copy of a foreign will.
 

 STANDARD OF REVIEW
 

 ¶ 7. In reviewing the issues from a will contest, “[tjypically this Court will not disturb a chancellor’s findings of fact unless the chancellor was manifestly wrong and not supported by substantial, credible evidence.”
 
 In re Estate of Wright,
 
 829 So.2d 1274, 1276(¶ 5) (Miss.Ct.App.2002) (citation omitted). However, when reviewing a question of law, “the manifest error/substantial evidence rule has no application!,] and we conduct a de novo review.”
 
 Id.
 

 DISCUSSION
 

 I. Chancellor’s Refusal to Allow Probate of a Lost Foreign Will
 

 ¶ 8. The relevant motion filed by the contestants was a single document, which they described as being filed under both “Rule 12” and the “Rules for Summary Judgment.” The motion was slightly over one page in length, and was not supported by any affidavits, answers to interrogatories, other attachments, or supporting material. In the motion, the contestants argued that they were entitled to prevail as a matter of law because: (1) the will was barred from probate due to the statute of limitations in Missouri, the jurisdiction where the testator was domiciled at his time of death; and (2) the proponent could not produce the evidence necessary to probate a lost will.
 

 ¶ 9. The proponent then filed a response denying the contestants’ allegations. In the response, the proponent argued that
 
 *1286
 
 the Missouri statute had no bearing on the issues before the court. Watt also argued that there were genuine issues of material fact as to the probate of the lost will. The record indicates that Watt attached multiple answers to interrogatories to show the presence of genuine issues of material fact. Almost two months later, she filed a brief in which she further elaborated on this position, and attached a sworn affidavit as additional support.
 

 ¶ 10. After reviewing the record, we can find no further attempt by the contestants to show the nonexistence of genuine issues of material fact regarding the evidence necessary to probate the lost will. Rather, in their motion, the contestants simply pointed out that in Mississippi, “there is a clear presumption that [a will] has been destroyed when the original cannot be accounted for,” and contended that the proponent was “unable to overcome the presumption[.]”
 

 ¶ 11. The record makes it clear that the contestants’ motion to dismiss was based upon Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, although this specific rule is not cited in the record or the parties’ briefs. The record reveals that the chancellor granted the Rule 12(b)(6) motion rather than their motion for summary judgment. However, upon review, we note that the chancellor considered matters outside the pleadings in reaching her decision on the contestants’ motion. Therefore, we must review the contestants’ motion as a motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure.
 
 See Lee v. Thompson,
 
 859 So.2d 981, 985 n. 6 (Miss.2003) (citations omitted);
 
 see also
 
 M.R.C.P. 12(b).
 

 ¶ 12. The applicable standard for reviewing the grant of a Rule 56 or Rule 12(b)(6) motion is the same—de novo.
 
 Lee,
 
 859 So.2d at 985 n. 6. In reviewing the grant of a motion for summary judgment, the “facts are viewed in the light most favorable to the non-movant,” and the trial court’s judgment must be affirmed “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 
 Germany v. Denbury Onshore, LLC,
 
 984 So.2d 270, 275(15) (Miss.2008) (citations omitted).
 

 ¶ 13. In the present case, the chancellor held that Mississippi law prohibited a lost foreign will from being initially probated in Mississippi where the testator was domiciled elsewhere at his time of death. Thus, the chancellor found she was “unable to proceed with [the] probate of ... [an] unauthenticated copy of the decedent’s purported foreign will.”
 

 ¶ 14. The proponent offers several bases upon which she claims the chancellor erred in reaching this result. We will address each argument in turn.
 

 A Contestant’s Failure to Pursue Affirmative Defenses
 

 ¶ 15. Missouri, which is the state the chancellor determined to be the decedent’s state of residency,
 
 [1]
 
 has a one-
 
 *1287
 
 year limitation period on the probate of a will. Mo.Rev.Stat. § 473.050.3(2) (2000). Mississippi, alternatively, has “no statute of limitations on the probate of a will.”
 
 Robberson v. Burton,
 
 790 So.2d 226, 229(¶ 14) (Miss.Ct.App.2001).
 

 ¶ 16. The contestants first claim the photocopy of the alleged will cannot be probated in Mississippi unless and until it has first been probated in Missouri. Because the will was not submitted for probate within Missouri’s one-year statute of limitations, the contestants argue that the will simply cannot ever be probated, and the testator’s estate must instead pass through intestate succession.
 
 [2]
 

 ¶ 17. The contestants raised Missouri’s statute of limitations in their initial pleadings and argued that it barred probate of the will. However, the proponent claims that because the contestants engaged in discovery and made multiple filings before again raising the defense in their motion for summary judgment, their failure to pursue the statute-of-limitations defense constituted an unreasonable delay, and the defense was, therefore, waived.
 

 ¶ 18. At the outset, we emphasize that Missouri’s statute of limitations is not relevant to the descent of the testator’s property located in Mississippi at his time of death. Mississippi law is clear that property situated in Mississippi descends according to Mississippi law, regardless of where the decedent resided or was domiciled. This is true whether the property is real or personal, and whether the estate is testate or intestate.
 
 See, e.g.,
 
 Miss.Code Ann. § 91-1-1 (Rev.2004);
 
 In re Estate of Mason,
 
 616 So.2d 322, 328 (Miss.1993);
 
 Bolton v. Barnett,
 
 131 Miss. 802, 827, 95 So. 721, 726 (1923);
 
 Heard v. Drennen,
 
 93 Miss. 236, 243-44, 46 So. 243, 244 (1908).
 

 ¶ 19. Although it would have been incorrect for the chancellor to have relied on the Missouri statute of limitations in dismissing this case, the record is clear that this is not the reason she granted the contestants’ motion. In fact, in her order dismissing the case, the chancellor specifically stated that the Missouri statute of limitations was not determinative of her decision.
 

 ¶20. Accordingly, we need not reach the proponent’s claim that the contestants waived the statute-of-limitations defense because the chancellor’s decision was not based on the Missouri statute of limitations.
 

 B. Probate of a Lost Foreign Will
 

 ¶ 21. The proponent next contends the chancellor erred in determining that Mississippi’s foreign-will statute, Miss. Code Ann. § 91-7-33 (Rev.2004), allows originals or authenticated copies of foreign wills to be probated in Mississippi but prohibits the probate of lost foreign wills. Before we address the chancellor’s underlying decision, we note that in Mississippi a foreign will is defined as a will that is executed by a testator domiciled in a state other than Mississippi at his or her time of death. Robert A. Weems,
 
 Wills and Administration of Estates in Mississippi,
 
 § 3:14 (3d ed.2003).
 

 ¶22. Section 91-7-33 states, in pertinent part, that:
 

 
 *1288
 
 Authenticated copies of wills proven according to the laws of any of the states of the union ... and affecting or disposing of property within this state, may be admitted to probate in the proper court. Such will may be contested as the original might have been if it had been executed in this state, or
 
 the original will may be proven
 
 and admitted to record here.
 

 Id.
 
 (emphasis added). The supreme court has explained that the effect of the first part of section 91-7-33 is to “dispense with formal proof of the due execution of the will where it has been proven according to the laws of any other state ... where an authenticated copy is produced showing that it has been proven in the [other] state[.]”
 
 Heard,
 
 93 Miss. at 242, 46 So. at 244.
 

 ¶ 23. However, the statute as originally drafted did not contain all of the language above. The statute was amended around 1880, at which time the language “the original will may be proven” in Mississippi was added to the statute.
 
 See Bolton,
 
 131 Miss. at 821, 95 So. at 724. Prior to this addition, a foreign will’s probate and administration in Mississippi were treated as ancillary to that of the state of the testator’s domicile,
 
 see id,
 
 and Mississippi courts interpreting the pre-amendment statute uniformly held that the will had to be probated first in the state of the testator’s domicile.
 
 See, e.g., Bailey v. Osborn,
 
 4 George 128, 33 Miss. 128, 129-30 (Err.
 
 &
 
 App. 1857).
 

 ¶ 24. Since the amendment, however, the supreme court has interpreted the language from section 91-7-33 to allow a foreign will which disposes of property located in Mississippi to be probated by either of two methods.
 
 Bolton,
 
 131 Miss. at 823, 95 So. at 725; see
 
 also Weems,
 
 § 7:16. The first method is to probate the will in Mississippi before doing so elsewhere.
 
 Id.
 
 The second method is to probate the will elsewhere and then to probate an authenticated copy of the will in Mississippi.
 
 Id.
 

 ¶ 25. In the present case, the proponent of the will attempted to probate the foreign will by the first of these methods, that is, by probating the will initially in Mississippi. Here, however, the will sought to be probated is not an original, but a photocopy, which adds yet another step to our inquiry.
 

 ¶ 26. In explaining the proper analysis when the testator’s original will cannot be produced, but only a photocopy can be located, our supreme court has stated:
 

 The law regarding admission into probate of a lost will is discussed at length in
 
 Warren v. Sidney’s Estate,
 
 183 Miss. 669, 184 So. 806 (1938).
 
 Sidney’s Estate
 
 sets forth the elements necessary to probate a copy of a lost will are: (1) the proof of the existence of the will; (2) evidence of its loss or destruction; and (3) proof of its contents. A fourth element has been added: (4) that the testator did not destroy the will with the intent to revoke it.
 

 In re Estate of Mitchell,
 
 623 So.2d 274, 275 (Miss.1993) (internal citations omitted). The proponent has the burden to prove each of these elements by clear and convincing evidence.
 
 Id.; see also Veazey v. Turnipseed,
 
 219 Miss. 559, 565, 69 So.2d 379, 382 (1954). However, if “(a) the would-be testator made a will, (b) last known to have been in its maker’s possession prior to his death, but (c) not found after death despite diligent search,” there arises a rebuttable presumption that the testator revoked his will by destroying it.
 
 In re Estate of Leggett,
 
 584 So.2d 400, 403 (Miss.1991). Generally, there must be clear and convincing evidence to overcome the presumption of revocation.
 
 Chapman,
 
 
 *1289
 
 623 So.2d at 277. However, it has been held that the “presumption can be defeated with slight evidence when it can be shown that contestants of the will had access to it.”
 
 Dowdy v. Smith,
 
 818 So.2d 1255, 1258(¶ 11) (Miss.Ct.App.2002) (citation omitted).
 

 ¶27. In the present case, the chancellor never reached any of these issues. Instead, she dismissed the case based on the fact that the decedent was domiciled in a state other than Mississippi.
 

 ¶ 28. As previously mentioned, a foreign will need not be probated first in the foreign jurisdiction. Miss.Code Ann. § 91-7-33. However, here, the chancellor held that where the testator was domiciled in another state, and the will was a lost will, the will could not be probated in Mississippi until it was first probated in the state of domicile. In the chancellor’s order dismissing the case, she stated that the options available to the proponent were to either (1) produce the original will for probate in Mississippi, or (2) probate the will in the state of domicile and then produce an authenticated copy for probate in Mississippi. We find that this was error.
 

 ¶ 29. Section 91-7-33 provides that the original
 
 “may be proven
 
 ” in Mississippi before being proven elsewhere.
 
 Id.
 
 (emphasis added). It does not state that the original will
 
 must
 
 be produced, or else the will
 
 must
 
 be first probated in the state of domicile. Therefore, we find that section 91-7-33 permits the proponent of a lost foreign will that disposes of property in Mississippi to be given an opportunity to probate the will as a lost will in Mississippi before being required to probate such a will in the jurisdiction of the testator’s domicile. We simply do not see how section 91-7-33 mandates a proponent who elects to probate in Mississippi a lost foreign will disposing of property located here to either produce the original will or obtain an authenticated copy from the state of domicile, as the contestants here contend and as the chancellor held.
 

 ¶ 30. The refusal to allow a proponent the opportunity to prove the contents of a lost foreign will would in some cases (and perhaps in this case) defeat the testator’s intent by preventing the intended beneficiaries from receiving their inheritance. In this case, refusing to allow the will to be probated initially in Mississippi would also result in altogether denying the proponent any opportunity to probate the will since its probate is time-barred in Missouri.
 

 ¶ 31. Here, the will may have been destroyed with the intent to revoke as the contestants contend. Or, the testator may have intended for his will to remain valid, and it was lost inadvertently. Unfortunately, the testator’s lips have been sealed by death, and these questions remain.
 

 ¶ 32. In summary, we find the chancellor erred in holding that section 91-7-33 absolutely bars the proponent from initially proving a lost foreign will in Mississippi where the will disposes of property in this state. Because genuine issues of material fact exist, we find the chancellor also erred in granting the contestants’ motion for summary judgment.
 

 II. Jury Trial
 

 ¶ 33. In chancery courts, “the granting of a jury trial ... where no statute prescribes one, is always discretionary with the chancellor....”
 
 Carradine v. Estate of Carradine,
 
 58 Miss. 286, 293 (1880). However, Mississippi Code Annotated section 91-7-19 (Rev.2004) provides, in pertinent part, that: “At the request of either party to [a probate] proceeding, an issue shall be made up and tried by a jury as to whether or not the writing propounded be the will of the alleged testator.” Here, the
 
 *1290
 
 proponent argues that since she timely requested a jury trial, the chancellor was required to grant her request.
 

 ¶ 34. “[T]he question of ‘devi-savit vel non’ (‘will or no will’) is the primary issue in a will contest, and under Miss.Code Ann. § 91-7-19 (1972), either party to a will contest has an automatic right to a jury trial, [unless] no genuine issues of material fact have been presented in the pleading stage [and] a motion for summary judgment is properly granted.”
 
 Power v. Scott,
 
 837 So.2d 202, 205(7) (Miss.Ct.App.2002) (citing
 
 In re Will of Launius,
 
 507 So.2d 27, 29 (Miss.1987));
 
 see also
 
 Miss.Code Ann. §§ 91-7-19, 91-7-21, 91-7-23 (Rev.2004). “[T]he role of a jury in a will contest is the same as that of a jury in a civil trial in a court of law and is not merely advisory.”
 
 Fowler v. Fisher,
 
 353 So.2d 497, 501 (Miss.1977) (internal quotations omitted).
 

 ¶ 35. Here, the chancellor never made any determination as to the validity or non-validity of the lost foreign will. Rather, the chancellor held a hearing on the testator’s residence and granted summary judgment after determining the testator was domiciled in Missouri. This decision was based on an improper finding that the testator’s lost foreign will could not be probated in Mississippi unless and until it was proven authentic in the state of the testator’s domicile — Missouri.
 

 ¶ 36. The proponent filed three written requests for a jury trial, and made other oral requests at the hearing on the testator’s domicile. In addition, the contestants initially requested a jury trial in their complaint contesting the will in the event “the will [was] not disallowed for probate as a matter of law.”
 

 ¶ 37. We make clear that the chancellor did not err in deciding not to impanel a jury for the domicile hearing because the domicile of the testator does not bear on the issue of devisavit vel non. In other words, the testator’s domicile is not a part of the broader issue of the will’s validity, as would be the issues of testamentary capacity and due execution of the will.
 
 See, e.g., In re Estate of Prine,
 
 208 So.2d 187 (Miss.1968);
 
 Warren v. Sidney’s Estate,
 
 183 Miss. 669, 184 So. 806 (1938). However, our case law demonstrates that whether the testator destroyed or revoked his will is an issue for the jury to decide.
 
 See Mitchell,
 
 623 So.2d at 275-77.
 

 ¶ 38. Given the existence of genuine issues of material fact regarding the validity of the testator’s will, as discussed above, we find the chancellor should have proceeded with the will contest and impaneled a jury to decide the will’s validity. On remand, the chancellor is instructed to impanel a jury in accord with the proponent’s request in order to comply with the requirements of section 91-7-19 and proceed with the will contest.
 

 ¶ 39. THE JUDGMENT OF THE CHANCERY COURT OF PONTOTOC COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . We note that the proponent argues in passing that the chancellor erred in determining that Missouri was the testator’s state of domicile at his time of death. However, this allegation is not specifically listed as one of the proponent’s assignments of error in her appellate brief, and she fails to cite any authority in support of this contention. Since “failure to cite any authority in support of a claim of error precludes this Court from considering the specific claim on appeal,” we are barred from reviewing the proponent’s argument on this specific issue.
 
 See Funderburg v.
 
 
 *1287
 

 Pontotoc Elec. Power Ass’n,
 
 6 So.3d 439, 442(¶ 9) (Miss.Ct.App.2009) (citation omitted).
 

 [2]
 

 . The contestants stated in their appellate brief that they “readily admit that the Chancery Court of Pontotoc County, Mississippi, has jurisdiction to dispose of the property therein located, but contend that since the unauthenticated copy of the will is inadmissible, the property should be disposed of according to the laws of intestate succession!.]”